SICKLE, Respondent, vs. WOLF, Appellant.

*October 26 — November 8, 1895.*

*Instructions to jury: Credibility of witnesses: New trial: Appeal.*

1. An instruction to the effect that when two witnesses directly contradict each other the evidence is balanced unless there is some other witness or circumstance in evidence corroborating one side or the other, was erroneous.

2. An order granting a new trial because of an erroneous instruction will not be disturbed on appeal unless it appears from the record that the error was not prejudicial.

APPEAL from an order of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge.  *Affirmed.*

Action to recover a balance alleged to be due upon settlement of account.    The plaintiff is a cigar manufacturer, and the defendant was his traveling salesman for several years prior to July 26, 1893.    The plaintiff claimed that the defendant's salary was $1,200 per year, and that, when he

ceased to travel for plaintiff, defendant had collected money owing plaintiff, in excess of his salary, amounting to $489.95. The defendant, on the other hand, claimed that his salary after January 1, 1891, was $1,500 per year, and that when he quit plaintiff's employ there was $287.05 due him from the plaintiff, which he claimed to recover as a counterclaim in the action.

In charging the jury the circuit judge, after stating that the parties directly contradicted each other on the question as to the amount of defendant's salary, proceeded as follows: "Now if those two witnesses were the only witnesses in the case the plaintiff would fail to make out his case, because the rule of law is that the plaintiff has the affirmative of the issue and must make out his case by what is called a preponderance of the testimony, that is, the greater weight of the testimony. So that when the two parties directly contradict each other in regard to the main facts in the case the evidence is balanced unless there is some other witness or some other circumstances shown by the evidence which will enable you to judge upon which side the real truth of the matter is." Due exception was taken to this part of the charge by the plaintiff. Subsequently the circuit judge further charged in substance that two witnesses did not necessarily outweigh one; that the jury are to weigh the testimony and all the surrounding circumstances which throw any light on the case; that they were not always bound to believe what a witness testified to; that they were to observe the manner of a witness, his interest in the event, his apparent candor, his knowledge, the reasonableness and probability of his story, and then apply their judgment and determine on which side the preponderance of testimony is.

The jury returned a verdict for the defendant, with damages assessed at $264.84. The plaintiff moved to set aside the verdict and for a new trial, on several grounds, and the

court granted the motion on the sole ground "of erroneous instructions given by the court to the jury on the trial." From this order the defendant appealed.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

For the respondent the cause was submitted on the brief of *T. L. Cleary*.

WINSLOW, J. In this case there was a sharp conflict between the testimony of the plaintiff and that of the defendant as to the terms of the contract of service. Outside of the testimony of these two witnesses there was no testimony save that of the plaintiff's bookkeeper, who testified to some implied admissions of the defendant. When the circuit judge said to the jury in substance that when two witnesses directly contradict each other the evidence is balanced unless there is some other witness or circumstance in evidence corroborating one side or the other, he was plainly in error. *Mariner v. Pettibone*, 14 Wis. 195. This instruction took no account of the manner of the witness, his interest, intelligence, knowledge of facts, apparent bias or prejudice, or the reasonableness or probability of his story, all of which facts are entitled to be considered in judging where the truth lies when two witnesses directly contradict each other. This instruction in this case was certainly well calculated to mislead the jury, because there was no witness who was present when the contract of service was made, except the parties themselves, and they directly contradict each other. This was without doubt the view of the circuit judge when he granted a new trial, and he certainly was in a better position than we can hope to be to determine the question.

It is argued, however, that the error was corrected by subsequent portions of the charge, which gave the right rule to be used in judging of the credibility of witnesses. Were the case here on appeal from judgment upon the verdict, we

might not, perhaps, disturb the judgment.   We should examine the whole charge, and if we could say that the error was corrected and that the jury could not have been misled we should probably affirm the judgment.   *Adams v. McKay,* 63 Wis. 404; *Annas v. M. & N. R. Co.* 67 Wis. 46.   But the trial judge, in reviewing the case, has deliberately held in effect that the erroneous instruction was in his judgment prejudicial to the plaintiff, and we cannot say from the record before us that he was wrong.   If it was prejudicial the plaintiff should have a new trial.

*By the Court.*— Order affirmed.