John, Respondent, vs. Pierce, Appellant.

*January 11—February 7, 1922.*

*Automobiles: Negligence of driver as imputed to invited guest: Former appeal: Law of the case: New trial: Discretion of court.*

1. An order granting a new trial without stating the grounds therefor will not be disturbed unless the court abused its discretion, the presumption being, since the court imposed costs as a condition, that the order was granted because of errors by the jury or because the verdict was contrary to the weight of the evidence, costs not being imposed if a verdict is set aside for errors of the court.

2. Where opposite conclusions may reasonably be drawn from the evidence, the granting of a new trial on the ground that the verdict was against the weight of the evidence is not an abuse of discretion.

3. On a former appeal in this case it was held that the negligence of the driver of an automobile in which plaintiff was riding as an invited guest defeated his right to a recovery, but since that decision this rule of law has been changed (*Reiter v. Grober,* 173 Wis. 493); the legal principles laid down in the first appeal, whether right or wrong, become, however, the law of the case on all future trials or appeals.

4. Although this court on the former appeal decided that the negligence of the driver of the car in which plaintiff was

John v. Pierce, 176 Wis. 220.

riding was a defense, but that he was not guilty of contributory negligence as a matter of law, the trial judge, taking a different view of the merits of the action on retrial, did not abuse his discretion in setting aside a verdict for the defendant and granting a new trial on the ground that the verdict was against the weight of the evidence, and his action will not be disturbed, the evidence being such that conflicting conclusions might be reached by different persons.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

This is an action brought by plaintiff to recover damages for personal injuries sustained by him as the result of an automobile collision which occurred on one of the highways in Waukesha county on the 18th day of August, 1918. Plaintiff was riding as an invited guest in the automobile of one William B. Johnson, who was at the time driving the car. The Johnson car was proceeding in a westerly direction, and at a curve in the highway they met defendant's car, which was being driven by his daughter. Defendant's car was on the north or left-hand side of the road and, according to the testimony on behalf of the plaintiff, was approaching at a speed of thirty miles an hour. The testimony on behalf of the plaintiff is to the effect that when Johnson discovered the approaching *Pierce* car it was then within a distance of seventy-five feet. Johnson, perceiving that the *Pierce* car was on the north side of the road, and fearing that he could not avoid a collision by keeping his car to the right, suddenly turned it to the left. The *Pierce* car was turned to the right and a collision occurred on the south side of the highway. This case was here upon a former appeal (172 Wis. 44, 178 N. W. 297) from a judgment in plaintiff's favor, the same having been rendered upon a special verdict of the jury which found the driver of the defendant's car guilty of negligence and absolved Johnson, plaintiff's host, from contributory negligence in turning to the left. The judgment was reversed upon that appeal and remanded for a new trial. Upon the second trial

the jury returned a special verdict by which it was found that the driver of the defendant's car was not negligent and that Johnson, the driver of the car in which plaintiff was riding, was negligent.

The plaintiff moved to set aside the verdict on numerous grounds. The trial court set aside the verdict and granted a new trial upon condition that plaintiff pay the costs. From such order granting a new trial the defendant brings this appeal.

For the appellant there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

Owen, J. No reason was given by the trial court for setting aside the verdict and granting a new trial. In view of the fact that the order was made on condition that plaintiff pay the costs, the presumption is that it was granted by reason of errors committed by the jury, or because the verdict was considered contrary to the weight of the evidence, and in our consideration of the case we shall so assume. Costs could not have been imposed if the verdict had been set aside for errors of the court. *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664. The order, therefore, was a discretionary one, and will not be disturbed by this court unless there appears to have been an abuse of discretion on the part of the trial court. The rule which governs this court in determining whether there was such an abuse of discretion, as stated in *Kittner v. M. & N. R. Co.* 77 Wis. 1, 45 N. W. 815, is that where opposite conclusions may reasonably be drawn from the evidence by different persons, the granting of a new trial on usual terms, upon the ground that the verdict was against the weight of evidence, is not an abuse of discretion.

John v. Pierce, 176 Wis. 220.

So far as the negligence of the defendant is concerned, it is plain that different persons may reasonably draw opposite conclusions with reference thereto, and this is evidenced by the fact that the first jury found the driver of the defendant's car negligent, while the second jury exonerated her from negligence. That such is the state of the evidence concerning the defendant's negligence is not challenged by either party.

A much closer question is presented, however, when we come to consider the negligence of Johnson, the driver of the car in which plaintiff was riding. The evidence on that question was substantially the same on both trials. Upon the first appeal this court indicated its dissatisfaction with the verdict of the jury which exonerated Johnson from negligence, but refrained from holding that the evidence showed him to have been negligent as a matter of law, and remanded the case for a new trial. Appellant upon this appeal contends that it was held on the former appeal that Johnson was negligent as a matter of law. However, such is not the case. The judgment was reversed because of errors of the court in instructions refused and in instructions given to the jury. This implies that Johnson could not be held negligent as a matter of law upon the record then before us. On the other hand, it is now contended by the respondent that the negligence of Johnson is no defense to the action, as by the decision of this court rendered in *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739, the principle of law formerly prevailing in this state, that the negligence of the driver of a vehicle is imputed to the passenger, was overruled, and that as such negligence is not now imputed to the passenger it should be held in this case that the negligence of Johnson is no longer a material consideration. While this court will apply the rule announced in *Reiter v. Grober, supra,* to cases hereafter coming before it (*Chase v. American C. Co., post,* p. 235, 186 N. W. 598), it cannot be applied to this case for the reason that upon the former

appeal it was specifically declared that the negligence of
Johnson constituted a defense to the action.    While the
question was not there discussed as a novel proposition, it
was declared to be the well settled law of this state, and the
case was disposed of upon the theory that Johnson's negli-
gence defeated plaintiff's right to a recovery.    In the ab-
sence of such an assumption this court would not have re-
versed the former judgment, but would have remanded the
case with instructions to render judgment in favor of the
plaintiff, as no error was found inducing the affirmative find-
ing of the jury upon the question of defendant's negligence.
Whenever legal propositions are laid down upon an appeal
they become the law of the case upon all future trials or ap-
peals, whether right or wrong.    *Jeffery v. Osborne,* 145
Wis. 351, 129 N. W. 931.    Upon the former appeal it was
decided in effect that Johnson's negligence constituted a
defense to the action, and that Johnson was not guilty of
contributory negligence as a matter of law.    From this it
necessarily follows that the evidence bearing upon Johnson's
negligence is susceptible to opposite conclusions by different
persons, and that under the rule which governs us we can-
not say that the trial judge abused his discretion in setting
aside the verdict and granting a new trial.    And this is
true even though, as is apparent, the trial court takes a
different view of the merits of the case than that entertained
by this court.    There was no attempt in the former opinion
to conceal the view entertained by this court concerning the
weight of evidence so far as it related to Johnson's negli-
gence.    That opinion is still entertained.    But the rules of
judicial procedure do not permit us to dispose of the case
in accordance with such views.    Under our system the jury
is the final arbiter of disputed questions of fact.    A dis-
cretion is vested in the trial court to grant a new trial when
he feels that the verdict is against the weight of evidence,

and this court will not disturb his action in that respect where the evidence is such that conflicting conclusions may be reached by different persons.

*By the Court.*—The order appealed from is affirmed.

ROSENBERRY, J., dissents.