McCoy, by guardian *ad litem*, Appellant, vs. Terhorst and
another, Respondents.    [Two appeals.]

*September 24, 1925—January 12, 1926.*

*New trial: On ground of newly-discovered evidence: Cumulative
evidence: In interests of justice: Reversal: Discretion of
court: Negligence: Defective county highway: Proximate
cause: Permitting child to sit in open doorway of moving
automobile.*

1. In an action against a county for personal injuries sustained
   because of the alleged defective condition of a county high-
   way, the granting of a new trial on the ground of newly-
   discovered evidence, which was merely cumulative and not
   likely to change the result, is improper.  p. 516.
2. Negligence in permitting an eight-year-old boy to sit on the
   floor of a truck in an open doorway with his feet on the
   running board is not, as a matter of law, a proximate cause
   of an injury which resulted when the truck upset on the
   county highway.  p. 516.
3. The fact that the trial court granted a new trial "in further-
   ance of justice" does not preclude this court from reversing,
   if an examination of the whole record clearly leads to the
   conclusion that there was nothing on which to base such ac-
   tion; but the order granting a new trial on that ground will
   not be reversed merely because this court might have come to
   a different conclusion.  A clear abuse of judicial discretion
   must appear before the order is reversed.  p. 517.
   Eschweiler and Crownhart, JJ., dissent.

Appeals from judgments and orders of the circuit court
for Racine county: E. B. Belden, Circuit Judge.  *Affirmed.*

The action of *Robert McCoy,* an infant, was for personal
injuries sustained while riding on a truck driven by the
defendant *Terhorst* that was upset on the defendant county's
highway, due, it is alleged, to its defective condition.

The action of *James McCoy, Robert's* father, was for
damages and expenses incurred by him resulting from the
injuries to his son.  Both actions were by consent con-
solidated and tried together.

It appears that *Robert,* an infant about eight years old,

was permitted or directed by the defendant *Terhorst* to sit on the floor of the truck in the open doorway of the driver's compartment on the right-hand side. While so riding the defendant *Terhorst* proceeded at a moderate rate of speed to pass another truck going in the same direction. To do so it became necessary for him to drive a little to the left of the traveled track. It is claimed that his left wheels struck a stone or stones hidden in grass and weeds, threw the truck diagonally to the right and across the road, in the center of which it is claimed there was much loose gravel, and that when the wheels reached the right-hand side of the road they fell into holes or depressions and the truck upset and *Robert* sustained severe injuries and had his right arm severed from his body about eight inches below the shoulder.

The jury found (1) that at the time and place in question the highway was not in a reasonably safe condition for travelers driving thereon with ordinary care; (2) that such unsafe condition of the highway was the proximate cause of the accident and resulting injuries to *Robert McCoy;* (3) that such unsafe condition of the highway had existed a sufficient length of time so that the defendant county, in the exercise of ordinary care, ought to have known of such unsafe condition and remedied the same before the accident; (4) under the circumstances and conditions shown by the evidence there was no want of ordinary care on the part of the defendant *John Terhorst* in operating his automobile; (5) under the conditions and circumstances shown by the evidence there was a want of ordinary care on the part of the defendant *John Terhorst* in directing or permitting *Robert McCoy* to sit on the floor of the cab of the automobile, but (6) such want of ordinary care was not a proximate cause of the injury to *Robert McCoy*. (7) Damages were assessed for *Robert McCoy* in the sum of $16,000 and for *James McCoy* in the sum of $1,000.

*Kenosha County* moved for a new trial on the ground of newly-discovered evidence. The defendant *Terhorst* moved for a dismissal of the complaint against him on the merits. Plaintiff moved for a judgment upon the verdict against the defendant county. The court granted a new trial to *Kenosha County* "in furtherance of justice and on the ground of newly-discovered evidence." It ordered that the complaint as against *John Terhorst* be dismissed. From judgments dismissing the complaints as to *John Terhorst* and from the orders granting the defendant county new trials the plaintiff in each case appealed.

For the appellants there was a brief by *Richard J. Hennessey* and *Vincent D. Hennessey,* both of Milwaukee, and oral argument by *Vincent D. Hennessey.*

For the respondent *Terhorst* there was a brief by *Nettie E. Karcher* of Burlington, attorney, and *Whaley, Erikson & Paulsen* of Racine, of counsel, and oral argument by *Miss Karcher* and *Mr. Vilas H. Whaley.* ·

For the respondent *Kenosha County* there was a brief by *Lewis W. Powell,* district attorney, and *Morris Barnett,* assistant district attorney, and *Robert V. Baker* of Kenosha, of counsel.

The following opinions were filed October 20, 1925:

VINJE, C. J. The plaintiff assigned as errors (1) that the court erred in denying plaintiffs' motion for amending the special verdict and for judgment against the defendant *Terhorst* upon the verdict as so amended. The amendment consisted in asking that the court find that *Terhorst's* negligence in permitting or directing *Robert* to sit on the floor of the truck was a proximate cause of the injury; (2) that the court erred in ordering or awarding judgment in favor of the defendant *Terhorst* dismissing the complaints of plaintiff; (3) that the court erred in denying plaintiff's motion for judgment on the verdict against the defendant *Kenosha County;* (4) that the court erred in granting the defendant

*Kenosha County* a new trial on the ground of newly-discovered evidence and in furtherance of justice.

The crux of the trial seemed to center on the condition of the left-hand shoulder of the traveled track as to whether there were stones more or less hidden in grass and weeds and to some extent on the loose gravel in the center of the traveled track.

Upon the question of the existence of the stones plaintiff produced eight witnesses. Robert Johnson testified that he saw stones. Lawrence Johnson said he did not feel any jar or see stones. *John Terhorst* testified that he saw stones. Michael Cunningham heard a jar and later saw stones. Philip Klein said he felt a bump or jar of the truck, hit something hard. Frank King said he saw stones. George McCarthy likewise saw stones. Wengel Francher did not see any stones on the left side in the grass, but testified that there were stones all along. As to weeds, all of the above witnesses testified that they noticed them. And all of the above witnesses but King testified they saw loose gravel in the middle of the traveled track of the road.

The defendant introduced five witnesses as to the existence of the stones. John Herzog testified he saw no stones on the shoulder of the road but saw some five or six feet from the road. Theodore Bush said he never looked for stones. Matt Ludwig did not see any stones fifteen or sixteen inches in diameter within a foot of the road. William Cull, Charles Holderness, and Walter Bennett did not observe stones. Wesley Pense says he felt a bump when riding along the left side of the road. As to weeds, all of the above witnesses testify there were more or less weeds. But the substance of their testimony was that the weeds were not as thick or as large as testified to by plaintiffs' witnesses. The above is a mere synopsis of the evidence relative to the existence of stones and weeds, but it is sufficient for the purpose of determining whether or not the trial court correctly held that the defendant *Kenosha County*

was entitled to a new trial on the ground of newly-discov-
ered evidence.

It asked for a new trial on the strength of two affidavits,
one by Mr. Ward and one by Mr. Madden.   Each affidavit
shows that the affiant examined the place in question shortly
after the injury but saw no stones or boulders lying along
the left-hand side of the traveled track such as could have
caused the injury in question.   Some excuse is given why
the witnesses were not produced upon the trial.   Conceding
that the defendant county exercised due diligence in secur-
ing witnesses, we are clearly of the opinion that it was
error for the trial court to grant a new trial on the ground
of newly-discovered evidence.   The situation was a plain,
open one, and the testimony shows that the conditions that
obtained at the time of the accident remained for a long
time.   It was quite easy for the county to have persons
examine the place and acquaint themselves with the situa-
tion.   Moreover, the new testimony is merely cumulative,
and the whole subject was quite completely covered by the
testimony of the witnesses produced upon the trial.   It is
not probable that a different result would be reached on a
new trial because of the additional evidence.

It is the claim of the plaintiffs that since the defendant
*Terhorst* was negligent in permitting or directing *Robert*
to sit on the floor of the truck, it follows as a matter of
law that such negligence was the proximate cause of his
injuries.   It is true that frequently proximate cause fol-
lows as a matter of law from a finding of negligence, but
we do not think it applies to a case like this.   No matter
where a person sits on a truck that is upset it cannot be
said with any degree of certainty that his injuries are prox-
imately caused by the place he occupied on the truck.   Of
course there may be situations where proximate cause can
be said as a matter of law or of fact to flow from the
position occupied.   But here the plaintiff sat on the floor
of the truck with his feet on the running board, and when

the truck upset he happened to be caught beneath it as shown by the evidence. He might have been so caught, or worse, had he sat in a place considered much safer. The jury no doubt felt that they could not say with any degree of certainty that his injuries were due to the position he occupied on the truck, and we think they could reasonably come to such a conclusion. The trial court expressed his agreement with the verdict in this respect. It follows that the judgments dismissing the actions as to the defendant *Terhorst* are affirmed.

The granting of a new trial in the furtherance of justice presents a question not so easy of solution. Here we have a case in which the verdict is supported by evidence not inherently incredible or weak because of physical conditions contradicting it or rendering it improbable. Not only that, but the evidence of the defendant county in opposition as to the existence of the stones, weeds, and gravel is in part merely negative. Nevertheless the trial judge felt that he could not approve of the verdict. His reasons for so doing must have rested upon the fact that he did not give the credence to plaintiffs' witnesses that the record would seem to warrant. As to this he was in a much better position to judge than we are. His expression that the new trial is granted "in furtherance of justice" does not preclude this court from examining the whole record and from reversing if such examination clearly leads to the conclusion that there was nothing upon which to base such expression. But it does inform this court of the fact that the trial judge is of the opinion that justice has not been done and that a new trial should be had. In such cases we do not reverse merely because, upon the record before us, we come to a different conclusion. It must clearly appear that there was an abuse of judicial discretion before we reverse. In *John v. Pierce*, 176 Wis. 220, 224, 186 N. W. 600, the rule is thus stated:

"A discretion is vested in the trial court to grant a new

trial when he feels that the verdict is against the weight
of evidence, and this court will not disturb his action in
that respect where the evidence is such that conflicting con-
clusions may be reached by different persons."

In that case this court had on a former appeal quite
clearly expressed a view contrary to that of the trial judge,
and it was stated that such view was adhered to by the
court, and yet the action of the trial court in granting a
new trial was sustained.    Here the evidence is such that
it would sustain a verdict for the defendant county.    That
being so, and the trial court having expressed his dissatis-
faction with the verdict on the ground that justice has
not been done, we cannot say that there has been an abuse
of judicial discretion.    Trial judges must be left free, nay,
must be encouraged, to exercise a sound judicial discretion
in such matters.    The rights of neither parties are concluded
by granting a new trial.    Both have a right to submit their
respective claims to a new tribunal, believed by the trial
judge better qualified to pass thereon.

*By the Court.*—Judgments and orders affirmed.


Eschweiler, J. (*dissenting*).    I agree with the major-
ity in the holding that the trial court was not justified in
granting a new trial because of newly-discovered evidence,
for the reasons stated.    I cannot agree, however, that the
same verdict, which the majority hold ought not to have
been set aside on that one definite ground asserted by the
trial judge, may nevertheless be set aside and the painful
process of a new trial of these issues be forced upon the
plaintiffs upon the reason assigned, viz. the furtherance of
justice.

Unless there be substantial reason why a verdict like this,
after a long and careful trial, should be set aside and the
work gone over again, to set it aside is in furtherance of
injustice.    Upon the record before us we cannot discover
the grounds, or the reasons, why it seemed to the trial court

that a new trial was in furtherance of justice.   Upon this record as an original proposition before us, I am certain this court would not set the verdict aside as in furtherance of justice.   It is assumed in the majority opinion that it "must have rested upon the fact that he did not give the credence to plaintiffs' witnesses that the record would seem to warrant."   This, I respectfully submit, is purely an assumption on our part.   If we were to assume that the trial court's idea of "in furtherance of justice" was because of the newly-discovered evidence, then we are all agreed that the order should be reversed.   The only definitely declared ground disclosed by the record and assigned by the trial court for the giving of the new trial, viz. newly-discovered evidence, if it were proper ground, would of itself have required the granting of a new trial "in furtherance of justice."   Again, I respectfully say that the presence of the word "and" in the phrase used by the trial court, "in furtherance of justice (and) on the ground of newly-discovered evidence," ought not to compel us to assume some ground not stated by the trial court to have been in existence when a definite and distinct ground was stated.   If the undisclosed ground for the ruling "in furtherance of justice" was for error upon the trial, to which exception should have been taken by defendants' counsel but none such was taken and preserved, then this order was error, as held in *Basile v. Fath,* 185 Wis. 646, 201 N. W. 247, 202 N. W. 367.   If the reason why a new trial "in furtherance of justice" was granted by the trial court was because of the newly-discovered evidence, then under our holdings here we are affirming an order which is not in furtherance of justice.   I think the order should be reversed.

I am authorized to state that Mr. Justice CROWNHART concurs in this dissent.

A motion for a rehearing was denied, with $10 costs, on January 12, 1926.