Sovich, by guardian *ad litem,* Respondent, vs. Loewn, Appellant.

*January 8—February 5, 1929.*

For the appellant there was a brief by *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *Robert J. Sutherland.*

For the respondent there was a brief by *Kleczka & Kleczka* of Milwaukee, and oral argument by *John Kleczka.*

DOERFLER, J. In rendering its opinion the court stated that the answers to questions 1, 3, and 5 (being those involving the defendant's negligence as to speed, lookout, and control) are contrary to the convincing force of the evidence and ought not to stand. This court has by a long line of cases firmly adopted the rule that the jury's verdict should not be disturbed where there is credible evidence to support it. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Peat v. C., M. & St. P. R. Co.* 128 Wis. 86, 107 N. W. 355; *McKnelly v. Brotherhood of American Yeomen,* 160 Wis. 514, 152 N. W. 169; *Bannon v. Ins. Co. of N. A.* 115 Wis. 250, 91 N. W. 666; *Latta v. Fidelity-Phenix Fire Ins. Co.* 186 Wis. 116, 202 N. W. 299.

There were no eye-witnesses to the collision excepting the parties themselves, and a careful examination of the evidence reveals the fact that the alleged negligence of the de-

fendant is almost entirely based upon his own evidence as disclosed by him under cross-examination. It is conceded that the defendant testified that at and immediately prior to the happening of the accident his car was being operated at a rate of speed of between twelve and fifteen miles per hour. The place of the accident was in close proximity to a schoolhouse, but the accident happened at five o'clock in the afternoon, which is a considerable time after school hours. The defendant had no chains on his car, and it is conceded by all parties that the streets on the day of the accident were covered with snow and were very slippery. Assuming that the car was proceeding at the rate of twelve to fifteen miles per hour at and immediately prior to the accident, under conditions then existing, the sudden application of the brakes, in connection with the attempted turn of the car towards the east, ordinarily would be conducive to produce skidding. In this day and generation, where the ownership and operation of automobiles has become the rule rather than the exception, such knowledge of a physical law may be recognized by a court and by a jury. Judicial notice may also be taken of the fact that where a car operated at a rate of fifteen miles per hour skids on a smooth, wet, and slippery paved highway, the brakes are less effective in retarding the speed than they are when applied under conditions where the car is propelled on a dry surface.

All of the answers to the questions in the special verdict pertaining to defendant's negligence and as to proximate cause clearly presented jury issues. The court, however, as manifested by its decision, was highly dissatisfied with the verdict because of the convincing force of the evidence to the contrary. Therefore it directed a change of the answers to the questions of the special verdict, and also ordered the questions as to proximate cause answered in accordance with what has heretofore been said. In so doing we are con-

clusively satisfied that in any event the court was of the opinion that justice was not accomplished by such verdict. In compliance, therefore, with such attitude of the court, the judgment must be reversed and the cause remanded with directions for a new trial.

*By the Court.*—It is so ordered.