42

MELLOR, Respondent, vs. HEGGATON, Appellant.

*April 7—May 12, 1931.*

*Allan V. Classon* of Oconto, for the appellant.

For the respondent there was a brief by *Roger G. & Robert J. Cunningham* of Janesville, attorneys, and *O. A. Oestreich* of Janesville and *A. J. Whitcomb* of Oconto of counsel, and oral argument by *Mr. Robert J. Cunningham* and *Mr. Oestreich*.

NELSON, J. The defendant contends that the court erred in granting plaintiff's motion for a new trial and in not granting defendant's motion for judgment on the verdict as rendered, while the plaintiff contends that the case should be sent back to the circuit court with directions to enter judgment for the plaintiff, after the amount of the damages has been assessed by a jury, because it conclusively appears from the evidence that the defendant was negligent, as a matter of law, in a situation to which the emergency rule was not applicable, since the defendant himself created the emergency.

In the view we take of this case rather narrow issues are presented for our consideration.

Did the court err in granting a new trial?

Defendant contends that new trials are granted by trial courts, either in the exercise of a sound judicial discretion, when, in the opinion of the court, justice has not been done and when the verdict is against the weight of the evidence, or as a matter of right, when prejudicial error has been committed, when the verdict is contrary to the evidence, con-

trary to the law, or when the verdict is perverse. Defendant further contends that the trial court granted a new trial in this action for reasons which were not within its discretion and that therefore the action of the court in so doing is not subject to the rule that the discretion of the trial court in granting a new trial will not be disturbed on appeal unless there is a clear abuse of such discretion.

We do not believe that the rule mentioned has any such narrow application. The granting of new trials for whatever reason must rest largely in the first instance in the discretion of the trial court. While an order granting a new trial for reasons which are purely discretionary will not be disturbed unless there has been a clear abuse of discretion, substantially the same rule applies to the granting of a new trial for other reasons. Of course, the granting of a new trial for discretionary reasons is far less likely to be disturbed by this court.

A careful consideration of the trial court's decision convinces us that plaintiff's motion for a new trial was granted both for discretionary reasons and also for reasons involving matters of right. At the outset of its opinion the court said: "When the jury returned its verdict in this case my first reaction was that a grave injustice had been done, and the passing of time and the reading of the very able briefs of counsel has not served to alter my opinion." This statement was followed by a discussion of certain things which, the court thought, unduly influenced the jury in arriving at what appeared to the court to be an unjust verdict. The court concluded its decision as follows: "The verdict is contrary to law and contrary to the evidence; the damages assessed are inadequate and a new trial should be had in the interests of justice." It is clear that one of the reasons that a new trial was granted was that, in the opinion of the court, justice had not been done. The granting of a new trial by the trial court because in its opinion justice has not been

done, is discretionary. *Gerber v. Wloszczynski*, 188 Wis. 344, 206 N. W. 206; *John v. Pierce*, 176 Wis. 220, 186 N. W. 600; *McCoy v. Terhorst*, 188 Wis. 512, 205 N. W. 420. In the last case cited it was said that "the trial court having expressed his dissatisfaction with the verdict on the ground that justice has not been done, we cannot say that there has been an abuse of judicial discretion." It was further said in that case: "Trial judges must be left free, nay, must be encouraged, to exercise a sound judicial discretion in such matters." There is nothing in the decision of the trial court which leads us to conclude that the court would not have granted plaintiff's motion for a new trial had there been no reason for so doing other than that justice has not been done.

Defendant claims that because the court did not tax costs in granting a new trial it must be presumed that a new trial was granted as a matter of right rather than in the discretion of the court. Defendant bases this claim on *Smith v. Taylor-Button Co.* 179 Wis. 232, 190 N. W. 999, in which it was said: "It is well settled that where a new trial is ordered because the court is not satisfied with the verdict as being against the weight of the evidence, costs should be imposed; but where the motion is granted because the verdict is perverse or entirely unsupported by the evidence, or because the court misdirected the jury or committed other prejudicial error, costs should not be imposed." See, also, *Siegl v. Watson,* 181 Wis. 619, 195 N. W. 867. In this case it was held that costs should be imposed if a new trial is granted in the exercise of the court's discretion. There would be considerably more force to defendant's contention had not the statute (sec. 270.49) been amended by the legislature at a date subsequent to the decisions cited.

Sub. (2) of sec. 270.49 is as follows:

"The failure to impose or the imposition of costs as a condition of the granting of a new trial, shall in no manner

raise a presumption that such new trial was granted for error occurring in the conduct of the trial, or that it was granted in the exercise of judicial discretion. Trial courts may or may not allow costs at the time of granting a new trial, whether such new trial is granted because of error occurring in the conduct of a trial or in the exercise of judicial discretion. An order made by a court in its discretion shall not be affected by the allowance or disallowance of costs.'"

Since the amendment of this statute by ch. 286, Laws of 1925, the failure to impose costs as a condition of the granting of a new trial gives rise to no presumption that such new trial was granted for error occurring in the conduct of the trial or that a new trial was granted in the exercise of judicial discretion. Giving careful consideration to the whole record and the decision of the trial court granting a new trial, we cannot say that the trial court abused its discretion in granting a new trial.

We now come to the contention of the plaintiff that the court should send this case back to the trial court with directions to enter judgment for the plaintiff after the damages have been assessed by a jury. The argument in favor of such a mandate is based upon the following proposition: (1) That the evidence admits of no conclusion or inference other than that the defendant was guilty of negligence as a matter of law in controlling his car just before and at the time of the accident; (2) that the emergency doctrine has no application to the undisputed facts and circumstances of this case; and (3) that, eliminating the application of the emergency doctrine from the case, the accident can in no reasonable sense be considered as unavoidable. If the emergency doctrine has no application to the facts of this case and was therefore improperly included in the court's instructions to the jury, plaintiff's argument would appear to be rather persuasive. However, after having given the matter careful consideration, we reach the conclusion that the defendant was entitled to the benefit of the emergency doctrine and

that such doctrine was properly included in the instructions to the jury.

The defendant, shortly before the accident, was driving his car along a rather newly constructed concrete road, which was twenty feet in width, on the sides of which existed soft shoulders. His rate of speed was about forty miles per hour. While he was attempting to pass a Chevrolet car at a place where there was some loose gravel on the left side of the concrete, the presence of which operated somewhat as roller bearings and resulted in his losing control of his car, the left wheels of defendant's car got off the concrete and upon the soft shoulder. This created a situation, as we view it, which might properly be considered by the jury as an emergency which was not caused by his negligence. Whether his left wheels got onto the soft-gravel shoulder as a result of his negligence or whether they got off the concrete as a result of skidding on the "roller bearing" gravel, as testified to by the defendant, presented a question which was peculiarly for the jury. If the car skidded off the concrete and onto the soft shoulder without the negligence of the defendant, then, as we view the evidence, a jury might justly conclude that an emergency was created which did not require the defendant to choose the best means to avoid the impending danger or to do what subsequently and upon reflection would appear to have been a better method. *Siegl v. Watson, supra* (p. 624). It might have been better, as we now reflectively review the matter, had the defendant stopped his car, rather than tried to get it back onto the concrete while it was still in rather rapid motion. We cannot say, however, as a matter of law, that in the situation which confronted him, which may or may not have been caused by his negligence, he was not acting in an emergency. It is very clear that, in attempting to get his car back onto the concrete, he completely lost

control of it and that he never again regained control of it. If, under the instructions of the court as given, the jury believed that an emergency existed which was not created by defendant's negligence, it might conclude that the accident was unavoidable. For the reasons stated the order of the trial court granting a new trial must be affirmed.

*By the Court.*—Order affirmed.