Bayliss, Appellant, vs. Clayton and another, Respondents.

*February 8—March 8, 1932.*

For the appellant the cause was submitted on the brief of *Brennan, Lucas & McDonough* of Milwaukee.

For the respondents there was a brief by *Wehe & Landry* of Milwaukee, and oral argument by *A. L. Landry*.

OWEN, J. This action was brought by the plaintiff to recover damages for malicious prosecution. There was a verdict of the jury in favor of the plaintiff. This verdict was set aside by the court and a new trial granted in the interests of justice. The plaintiff appeals from that order. This is a highly discretionary order and will not be reversed by this court unless it clearly appears that there was an abuse of judicial discretion. *John v. Pierce,* 176 Wis. 220, 186 N. W. 600; *McCoy v. Terhorst,* 188 Wis. 512, 205 N. W. 420; *Fontaine v. Fontaine,* 205 Wis. 570, 238 N. W. 410. We discover no abuse of discretion, and the order cannot be reversed upon plaintiff's appeal.

The defendants have filed a notice of review under sec. 274.12, Stats., and upon such notice assign as error the failure of the court to receive in evidence a judgment of conviction of the plaintiff in the district court of the city of Milwaukee.

This action grew out of the arrest of the plaintiff upon a complaint sworn to by the defendant Hoy B. Clayton, an officer of the defendant Clayton Construction Company, for the theft of certain cement sacks of the value of one dollar. He was convicted in the district court of Milwaukee county, but upon appeal to the municipal court, from which a change of venue was taken to the circuit court, he was acquitted by a jury in the latter court. Upon the trial the defendants offered in evidence the judgment of conviction in the district court, which was rejected.

The record of the judgment of conviction should have been received in evidence. Judgment in a criminal prosecution, obtained without collateral fraud, though subsequently

reversed, is conclusive evidence of probable cause for the prosecution. *Topolewski v. Plankinton P. Co.* 143 Wis. 52, 126 N. W. 554. That case conclusively settles the proposition in this state that a judgment of conviction in a criminal case, obtained without collateral fraud, though subsequently reversed, is conclusive upon the existence of probable cause. Since the decision in that case, however, the legislature has enacted sec. 331.36, which reads as follows:

"In any civil action brought by any person for damages for false arrest or malicious prosecution committed in this state, the fact that the plaintiff was bound over and held for trial on preliminary hearing upon such arrest, or that a conviction was had in a criminal prosecution against him, shall not bar a recovery, but such plaintiff shall be entitled to recovery upon proof of misrepresentation to the presiding magistrate, or to the jury in any court to obtain a binding over, holding for trial or conviction, of innocence of the plaintiff and of lack of probable cause to the knowledge, or within reasonable knowledge of the arresting officer, and such issues shall be tried and determined by the jury in such civil action for damages."

We are required to consider the extent to which this statute modifies the rule in the *Topolewski Case.*

It is apparent that the record of the judgment of conviction is still admissible in evidence. It does not absolutely bar a recovery, but the statute provides that, notwithstanding the conviction, the plaintiff may still recover "upon proof of misrepresentation to the presiding magistrate, or to the jury in any court to obtain a binding over, holding for trial or conviction." Just what is meant by "misrepresentation to the presiding magistrate, or to the jury" is not very clear. For our present rather general purposes we shall assume that it means the "collateral fraud" which the court had in mind in stating the rule in the *Topolewski Case. Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183, and

cases there cited, may throw some light on the nature of "collateral fraud." Up to this point, as we are now advised, the statute does not change the pre-existing rule.

The judgment of conviction is admissible in evidence, but it shall not bar a recovery if it can be impeached for collateral fraud. But the statute further provides that the plaintiff may recover, notwithstanding the judgment, upon proof "of innocence of the plaintiff and of lack of probable cause to the knowledge, or within reasonable knowledge of the arresting officer." By virtue of this provision the plaintiff may defeat the conclusive effect of the judgment of conviction if he is able to prove not only his innocence but "lack of probable cause to the knowledge, or within reasonable knowledge," not of the defendant, but of the "arresting officer." In our consideration of this statute, we were at first in much doubt as to whether the term "arresting officer" was used advisedly in this connection. There are many cases of malicious prosecution brought against the person who makes the complaint or swears out the warrant in the criminal action. This is such case. The arresting officer is not a party defendant to this action. He has not been sued. We cannot attribute to the legislature an intent to impute the knowledge of the arresting officer that there was no probable cause to the person who swore out the warrant or made the complaint, and for whom the arresting officer was not acting, except in the performance of his official duty in executing the warrant.

In an attempt to discover the legislative intent, we have examined the original act enacting sec. 331.36, which we find quite clarifying upon the question of legislative intent. Sec. 331.36 was enacted by ch. 323, Laws of 1923. It is entitled "An act to create sections 4202m and 1636—12n of the Statutes, relating to civil actions for false arrest or malicious prosecution and requiring private officers with authority of arrest to file bonds." The act not only enacts

sec. 331.36 in its present form, but also creates a section designated as sec. 1636—12n, which reads as follows:

"Every private detective or private police officer having authority to make arrests shall file with the secretary of state a bond in a sum of not less than ten thousand dollars, conditioned for the payment of any judgment for damages against such detective or officer for false arrest or malicious prosecution. Any person, firm or corporation employing any such private detective or private police officer who has not filed such bond, shall be liable for such damages for acts committed in such employment."

By this provision we glimpse the evil which was engaging the attention of the legislature when ch. 323, Laws of 1923, was enacted. The legislature was undoubtedly considering abuses arising from arrests made by private detectives or private police officers having authority to make arrests. It apparently had knowledge of the fact that private business concerns had in their employ individuals clothed with official authority to make arrests, and that arrests were sometimes made by such individuals recklessly and to the great damage of private reputations. That is quite apparently the reason for the association of probable cause with the arresting officer in sec. 331.36. We conclude that the legislature used language in sec. 331.36 to express its exact intention, and that sec. 331.36 was intended to apply only to cases of malicious prosecution brought against the arresting officer. Our conclusion is that the judgment of conviction should have been received in evidence, but that its conclusive effect could be challenged only on the ground that it was procured by fraud. As the defendants in this case were not the "arresting officer," its conclusive effect cannot be destroyed either by proof of innocence of the plaintiff or by proof of lack of probable cause on the part of either of the defendants. As to the defendants in this case, the judgment of conviction, unless impeached for fraud, is conclusive upon the question of probable cause.

We have thus discussed the effect of the statute for the guidance of the trial court upon another trial, to the end that the judgment may be given proper weight when received in evidence.

Respondents assign as error, upon their motion for review, the denial by the trial court of the motion of the defendants for a nonsuit and for a directed verdict. The argument upon this branch of the case is devoted to the proposition that the evidence established probable cause as a matter of law. In view of the fact that the jury found a lack of probable cause, that the trial judge was apparently dissatisfied with the verdict as a whole, and in view of the fact that there is to be another trial, it seems better that this feature of the case be considered upon a review of the result of the further trial, when we will have the benefit of the construction which the trial court may place upon this evidence. Presently the trial court is of the view that there should be another trial. We should be as reluctant to disturb his disposition of the case upon the motion to review as we are upon the appeal from the order, for which reason the order will be affirmed.

*By the Court.*—Order affirmed.