WACHOWIAK, Appellant, vs. SPAIGHT, Respondent.

*February 8—March 8, 1932.*

For the appellant there was a brief by *Salen & Brenner* of Waukesha, and oral argument by *L. L. Brenner*.

For the respondent there was a brief by *Lockney & Lowry* of Waukesha, and oral argument by *Henry Lockney*.

FAIRCHILD, J. The learned trial court in considering the evidence bearing upon the conduct of the appellant reached a firm conviction that contributory negligence was present so far as the management and control of appellant's car was concerned just previous to the time of the accident and that such negligence was a cause of the damage sustained. The facts may be briefly summarized as follows:

Appellant, driving west, when about 150 feet away saw respondent starting from south of the south edge of the

highway to turn his truck preparatory to making his way to the north side. Appellant blew his horn, to which respondent paid no particular attention, at least respondent continued to move in the direction outlined, and appellant, with some reduction of speed, drove westerly until within fifty feet of where respondent had entered or was about to enter the path of the appellant, when because, as appellant claims, of the unforeseen failure of his brakes, he was unable to stop. Appellant turned his car into the ditch to avoid a collision and the damage occurred. There was thus a dispute over the proposition of contributory negligence. Credible evidence existed from which opposing and reasonable inferences may be drawn. This requires holding that the determination of the questions with relation to contributory negligence was for the jury. *Reul v. Wis. N. W. R. Co.* 166 Wis. 128, 163 N. W. 189; *Wiesman v. American Ins. Co.* 184 Wis. 523; 199 N. W. 55, 200 N. W. 304; *Lynch v. Chicago, M., St. P. & P. R. Co., ante,* p. 111, 240 N. W. 794.

The trial court also evidenced its dissatisfaction with the special verdict by changing the answer made by the jury as to damages. And in addition to these indications of a strong belief on the part of the trial court that justice had not been accomplished by the verdict, it preserved in the record an announcement of its determination that if any error in the matter of changing the answers had occurred a new trial should be granted in the interests of justice.

The general rule obtained from the cases is, that when the court, taking the whole of the evidence together in connection with the judge's charge, is affirmatively convinced that the verdict is contrary to the interests of justice, a new trial may be granted. A somewhat similar situation was before this court in the case of *Sovich v. Loewn,* 198 Wis. 89, 223 N. W. 429, and we think the principles applied in that case control here. Under the circumstances disclosed

by the record the trial court, while in error in changing the answers, clearly indicated that he was of the opinion that justice was not accomplished by the verdict, that if a jury question existed, the court, because of serious and substantial doubts, could not approve of the verdict.

Although a jury question existed in this case, still because of doubts arising from the evidence, and upon due consideration of the manifest opinion of the trial court preserved in the record, we think a new trial should be granted in the interests of justice. Secs. 251.09 and 270.49, Stats.; *McCoy v. Terhorst,* 188 Wis. 512, 205 N. W. 420; *Sichling v. Nash Motors Co., ante,* p. 16, 238 N. W. 843.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.