ZABINSKI, Plaintiff and Appellant, vs. NOVAK and another, Defendants and Respondents.

ZABINSKI, Appellant, vs. NOVAK, Defendant and Appellant, and SUKKEL, Defendant and Respondent.

*March 6—April 11, 1933.*

216

For the appellant Zabinski there was a brief by *Clarence J. Dorschel,* and oral argument by *Charles K. Bong,* both of Green Bay.

For the appellant Novak there was a brief by *North, Parker, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge.*

For the respondent there was a brief by *Martin & Martin,* and oral argument by *Alex Wilmer,* all of Green Bay.

FAIRCHILD, J.   An order of a trial court granting a new trial is not to be disturbed unless there has been an abuse of judicial discretion, or the order, being one made as a matter of right, has resulted from an erroneous view of the law.   *Crombie v. Powers,* 200 Wis. 299, 227 N. W. 278; *Mellor v. Heggaton,* 205 Wis. 42, 236 N. W. 558; *Sickle v. Wolf,* 91 Wis. 396, 64 N. W. 1028; *Fontaine v. Fontaine,* 205 Wis. 570, 238 N. W. 410.   The order under consideration was granted on the motion of respondent because the court below concluded that, in connection with questions in the special verdict which concerned the conduct of respondent, no instruction was given to the jury as to the standard by which his behavior at the time of the accident was to be

measured. There was not sufficient reference to the permission extended to him by the statute to exercise some degree of discretion, his exercise of which should be judged by the standard of a reasonably careful and prudent person acting under the same or similar circumstances, or to the rule that he was entitled to have his failure to yield the right of way, his failure to continue in the traffic lane in which he had been moving, judged by what a person of ordinary care and prudence would do under the conditions then present. *Osborne v. Montgomery*, 203 Wis. 223, 234 N. W. 372. The instructions on this phase of the case were limited to the reading of the statutes, and to the observation that respondent "had the duty to give way to the right only if it was practical and safe to give way to the right under the conditions then existing, if he heard an audible signal of intention to pass given by Novak, if such signal was given, or due to his lack of care failed to hear such signal if such signal was given." No particular statement of the rule is prescribed for universal use in instructing juries upon questions of negligence. The trial judge, to discharge the duties imposed on him, must sufficiently embody in his instructions the law applicable so that the jurors may be advised of the elements or ultimate facts to be found, and the standards of conduct required of the individual whose acts are under consideration. The purpose of an instruction is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict; and with this end in view, it should state clearly and concisely the issues of fact and the principles of law which are necessary to enable them to accomplish the purpose desired.

The trial court concluded that there was a failure in these particulars in his charge to the jury with respect to the management of the truck by the respondent at the time of the accident. Respondent was charged with negligent conduct. He was not guilty of negligence if his acts were up

to the generally accepted standard under the circumstances as they there existed, that is, if he exercised that degree of care which the great mass of mankind exercises under the same or similar circumstances, usually designated "ordinary care." This standard with usual definitions and instructions is referred to and outlined in *Osborne v. Montgomery, supra.* The questions of the special verdict relating to respondent required appropriate instructions to guide the jury in answering them. The charge left unmentioned elements which ought to have been included. Negligence was not defined, nor was causation. The overloading, in order to be the basis of a cause of action, must have had the relation of a cause to the ultimate result and the jury should have been so instructed. Each ground of negligence claimed was disputed by respondent. A jury question existed as to practically every issue raised by the pleadings between the plaintiff and this respondent and between this respondent and his co-defendant. At the conclusion of the case the learned trial judge was of the opinion that there should be a retrial of all the issues. He made this clear in his decision granting a new trial in which he says: "The jury could not properly determine these essential elements of actionable negligence, unless they were informed of the standard of care required of the defendant Sukkel. I am satisfied that under the questions in this special verdict it was necessary to give full instructions on negligence and want of ordinary care."

While Novak was exonerated, and there appears to be no contention that the jury were misinstructed as to his responsibilities, the trial court's order for a new trial requires a resubmission of his part in the controversy as well as the claims of the other parties to the action. Orders for new trials may be generally classified as made either in the exercise of sound judicial discretion or as a matter of right when prejudicial error has been committed. The granting of such orders for whatever reason must rest largely in the first in-

stance in the discretion of the trial court. While the trial court did not in so many words grant a new trial as to Novak, in the interest of justice it did not wish and in fact declined to give its solemn approval to the verdict as rendered. It set aside the verdict as to Novak as well as to the others, and ordered all issues to be retried. The evidence shows that the appellant was riding as a guest of Novak when he attempted to pass the truck driven by the respondent on a road the traveled track of which was about twenty feet wide, with some slope toward ditches on either side. The respondent traveled near to the center and Novak and the plaintiff had followed the truck for some distance before overtaking it. There appears to be sufficient ground upon which a trial court, in its sound discretion, could base an order for a new trial as to all matters in dispute. Novak claims that he blew his horn; the defendant says he did not hear it, and in his mirror did not see Novak until alongside of his truck; he says that Novak succeeded in passing him, but lost control of his car due to some skidding, and was precipitated into the ditch on the right-hand side of the road.

A resubmission of this case with proper questions as to whether the respondent negligently failed to yield the right of way and as to causation, under a charge by the trial court containing an exposition of the law applicable to the issues, will be in the interest of justice. We apprehend that the trial court felt that a partial statement of a proposition, or a statement which left unexplained the rules of law upon which either party relied, was not a complete and accurate statement of the law and necessarily resulted in an erroneous instruction, that may properly be cause for granting a new trial.

*By the Court.*—Order affirmed.