ROSKOM and others, Plaintiffs and Respondents, vs. BODART and another, Defendants and Appellants: RURAL MUTUAL CASUALTY INSURANCE COMPANY OF WISCONSIN, Impleaded Defendant and Respondent.*

*November 8—December 4, 1951.*

*Motion for rehearing denied, with $25 costs, on February 5, 1952.

For the appellants there were briefs by *Bie, Welsh, Trowbridge & Wilmer* of Green Bay, and oral argument by *F. N. Trowbridge.*

For the respondents except Clayton Roskom there was a brief by *Hanaway & Byrnes* of Green Bay, and oral argument by *C. T. Hanaway.*

For the respondent Clayton Roskom there was a brief by *Kehoe & Flatley* of Green Bay, and oral argument by *Robert H. Flatley.*

For the impleaded defendant Rural Mutual Casualty Insurance Company of Wisconsin there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *John P. Duffy.*

FAIRCHILD, J. In attacking the order granting a new trial, the appellants ask: May a new trial in the interests of justice be ordered on the ground that the overwhelming weight of the credible evidence is contrary to an important finding of the jury adverse to plaintiffs? Appellants contend that because the trial court did not state that the testimony in support of the verdict was false, respondents are precluded from arguing that the trial court was satisfied that such testimony was against the overwhelming weight of the credible evidence. It is also contended by the appellants that two reasons assigned for granting the new trial are based on harmless, immaterial, and nonprejudicial omissions in the instructions and harmless, immaterial, and nonprejudicial grammatical defect in the form of one question. However a study of the record discloses reasons for the trial court assign-

ing greater significance to the details referred to in the questions raised by appellants as they bear upon the order granting a new trial. There are other matters which will be treated in considering these specified conditions.

At the time of the collision the car in which the plaintiffs were riding was traveling northwesterly around a curve where Highway 29 joins Highway 32. The car of the defendant Bodart was coming from the opposite direction, that is, southeasterly. The trial court was impressed by certain facts which appear sufficiently in the evidence to warrant his belief that in the interests of justice a new trial should be granted. It is a fact that the defendant's car was on the wrong side of the road and in the line of travel in which the plaintiff's car was proceeding at the time of the collision. There is sufficient evidence to warrant the court's opinion that the accident occurred in the line of travel where the plaintiff's car had a right to be and where he might expect to some extent the protection of the rule of the road governing in such circumstances. The jury by its special verdict under the question reading: "At the time of and immediately before the collision between the automobiles driven by the plaintiff, Clayton Roskom, and the defendant, William R. Bodart, was the plaintiff, Clayton Roskom, negligent in the manner of operating his car in respect to: (a) Driving to the left of the center of the highway? (b) control of the car he was driving?" answered both (a) and (b) in the affirmative. The trial court was of the opinion that the failure to instruct the jury that it was the duty of each of the drivers of the cars to drive on his right half of the roadway contributed unduly to the findings.

The manner of the submission of that question to the jury doubtless did direct their attention particularly to the management of the car by the plaintiff Roskom immediately before the collision, without due consideration to the situation in which he was placed by Bodart's invasion of his lane of travel.

Defendant Bodart stated in substance to an officer right after the collision that when he was approaching the curve, he thought Roskom was going to continue on Highway 29 straight to Shawano and not enter Highway 32. It appears from the record now before us that there is reason to believe that tracks of defendant's car cross the center line at the beginning of the curve. There are skid marks made by his car of some thirty-six feet in length, all on the side of the highway in which Roskom would rightfully be traveling. Defendants say in their brief that "in these cases, it is not disputed that the collision occurred on the plaintiff, Roskom's, side of the road nor that the plaintiff, Roskom, was on his side of the road at the time of the collision."

Plaintiff Roskom testified that when he first saw Bodart he could not tell on which side of the highway he (Bodart) was but noticed he was coming fast. When the cars were seventy-five to one hundred feet apart, Roskom realized that there was danger of an accident. He testified that he did not at any time get over to the left of the highway; that the collision came so fast that he had no time to do anything to avoid it. There was, of course, other testimony, but the facts are such that the question of granting a new trial is one which calls for the exercise of judicial discretion by the trial court. This duty so placed upon the trial judge is a valued service in our law governing procedure, although it is to be exercised with caution and circumspection. The long skid marks traceable to the defendant's car which appear from the evidence to run parallel with the center line of the road and over into plaintiff's lane, that is, to the east of the center four or five feet, become of importance in determining who was responsible for the meeting of the cars. Because the trial court was of the opinion that the facts were not so clearly established as to bring about a question of law and that therefore a jury question existed, the matters in dispute must eventually be determined as questions of fact usually are. The

learned trial judge, in passing on the motion for a new trial, decided that the verdict should be set aside and that a new trial should be granted in the interests of justice for the reason, among others, that the answer of the jury to the question in the verdict relating to the plaintiff Clayton Roskom being on the wrong side of the road is contrary to the overwhelming weight of the credible evidence. These items or details thus set out, the trial court decided, required a new trial in the interests of justice.

The whole question on this appeal, therefore, goes to the validity and effectiveness of the order granting a new trial. That order reads:

"It is ordered that the verdict returned by the jury in the above-entitled action be and it hereby is set aside and that a new trial be and is hereby granted in the interests of justice, for the reasons that the answer of the jury to the question in the verdict relating to the plaintiff Clayton Roskom being on the wrong side of the road is contrary to the overwhelming weight of the credible evidence; that questions number one and three of the special verdict having been improperly submitted; that the court inadvertently omitted to instruct the jury of the duty of each of the drivers to operate on the right half of the roadway; and that the damages are wholly inadequate and less than an amount an unprejudiced jury would find."

The answer to question 1 exonerated defendant from negligence in the manner of operating his car in respect to "control of the car he was driving."

The authority in this state to grant a new trial vested in a court of general common-law jurisdiction has always existed. This duty of a circuit court when circumstances warrant has always been recognized and exercised. *McCoy v. Terhorst,* 188 Wis. 512, 205 N. W. 420; *Sichling v. Nash Motors Co.* 207 Wis. 16, 238 N. W. 843. In *McCoy v. Terhorst, supra,* where a motion for a new trial was granted by the trial court and affirmed by this court, the trial court's

reasons for so doing rested upon the fact that he did not give credence to witnesses that the record would seem to warrant. And it is there said (p. 517): "As to this he was in a much better position to judge than we are. His expression that the new trial is granted 'in furtherance of justice' does not preclude this court from examining the whole record and from reversing if such examination clearly leads to the conclusion that there was nothing on which to base such expression. But it does inform this court of the fact that the trial judge is of the opinion that justice has not been done and that a new trial should be had. . . . It must clearly appear that there was an abuse of judicial discretion before we reverse." In the opinion just quoted from, there is a reference to the case of *John v. Pierce,* 176 Wis. 220, 224, 186 N. W. 600, where the rule is thus stated: "A discretion is vested in the trial court to grant a new trial when he feels that the verdict is against the weight of evidence, and this court will not disturb his action in that respect where the evidence is such that conflicting conclusions may be reached by different persons."

Here we are of the opinion that the order is valid and effective for the reasons set forth in the order. *Sichling v. Nash Motors Co., supra.*

A jury may well be concerned as to whether the plaintiff was proceeding lawfully on his side of the road in determining such questions involved as relate to damages, comparison of negligence, and control and management of the plaintiff's car. The reasons assigned by the trial court for granting a new trial are sufficiently set forth. At times and in certain cases the exercise of this "discretion is the only thing that stands between the litigant and judgment upon an unjust verdict under our system of jurisprudence." This was said in *Sichling v. Nash Motors Co., supra* (p. 21), in affirming an order granting a new trial where the trial judge in granting the motion in the interests of justice, although mistaken

in some particulars, said (p. 19) : "I am not satisfied with this verdict. It does not convince me that it is decisive of the questions involved in the case. . . . It may be that on a retrial the questions can be formed that will require the jury to find a little more clearly than they did."

There is also a motion to review by respondents. The decision upon the main question controls that motion.

*By the Court.*—Order affirmed.