# CASES DETERMINED

## *January Term, 1890.*

---

KITTNER, Appellant, vs. THE MILWAUKEE & NORTHERN
RAILROAD COMPANY, Respondent.

*April 29 — May 20, 1890.*

*New trial: Verdict contrary to weight of evidence: Discretion.*

In a case where the evidence was such that opposite conclusions might
reasonably be drawn from it by different persons, the granting of a
new trial, on the usual terms, upon the ground that the verdict was
against the weight of evidence, is *held* not to have been an abuse
of discretion.

APPEAL from the Circuit Court for *Brown* County.

Appeal from an order granting a new trial. The action
is to recover damages for personal injuries sustained by the
plaintiff, alleged to have been caused by the negligence of
the defendant railroad company. The plaintiff was a brake-
man employed by that company, and when in the perform-
ance of his duty as such, on the top of a train of cars
approaching the city of De Pere from the north, in the
day-time, he was struck by a tramway erected across the
railroad, and received the injuries complained of. He was
upon a refrigerator car, not belonging to the company,
which was about two feet higher than the cars of the com-
pany in the same train. The tramway was sufficiently high
to enable him, when standing on the cars of the company,

to pass safely under it, but not sufficiently high to enable him to do so when standing erect on top of the refrigerator car. The plaintiff had made several trips over the same railroad in the day-time, as brakeman, before he was injured, passing under the tramway safely when standing on the lower cars. On several of these trips the train contained refrigerator and other foreign cars of the height of the one on which he was standing when injured. The location and nature of his wounds tended to show that when so injured the plaintiff was in a stooping position. It was the constant custom of the company to haul foreign refrigerator and other cars of the same height in its trains, of which the plaintiff had knowledge. There was much other testimony bearing on the questions of negligence, but it is unnecessary to state it here.

The jury found specially (1) that the tramway was dangerous because too low; (2) that the railroad company was guilty of negligence in allowing it to remain in the condition it was when plaintiff was injured; (3) that the plaintiff, at and before the time he was injured, did not know or have the means of knowing of the existence of the tramway in question, and its height in relation to cars of different heights passing under it; and (4) that he was not guilty of any want of ordinary care which contributed to his injury. The jury also assessed plaintiff's damages at $2,500. The court disapproved of the third finding, which relates to the plaintiff's knowledge and means of knowledge of the existence, height, etc., of the tramway, and on motion of the defendant set aside the verdict and granted a new trial on condition that the defendant pay the taxable costs of the term.

For the appellant there were briefs by *Raymond & Brennan*, and oral argument by *John H. Brennan*.

For the respondent there was a brief by *Alfred H. Bright*, attorney, and *Charles E. Vroman*, of counsel, and oral argument by *Mr. Bright*.

Kittner vs. The Milwaukee & Northern R. Co.

LYON, J.    There is little to be said in determining this appeal.    Without the third finding, which the circuit court disapproved, the special verdict will not support a judgment for plaintiff.    The testimony relating to the subject matter of that finding is conflicting, or at least is such that opposite conclusions may reasonably be drawn from it by different persons of equal and average capacity to judge of the weight of evidence.    The jury came to one conclusion, and the learned judge of the circuit court reached the opposite conclusion.    The reasons of the judge, upon which his conclusion is based, were stated by him in an able and discriminating written opinion on file in the case.    We are not concerned to inquire which view of the testimony is the correct one.    The judge recognized the fact that there was testimony to go to the jury on the question of the plaintiff's knowledge and means of knowledge of the existence, height, etc., of the tramway, and submitted the same to the jury.    He again recognized the same fact by imposing terms on the defendant as the condition of granting a new trial, and expressly rested the order for a new trial on the proposition that the weight or preponderance of testimony was against the verdict.

So we have a case in which the trial court, being dissatisfied with the verdict on a material and controverted proposition of fact, because it thought the same was against the weight of evidence, in the exercise of its discretion set the verdict aside and granted a new trial upon the usual terms. In this we perceive no abuse of discretion, and hence cannot overrule the action of that court.

This is not a case in which the court has proceeded upon a mistaken view of the law, as in *Bushnell v. Scott*, 21 Wis. 457; *Jones v. Evans*, 28 Wis. 168; and *Duffy v. C. & N. W. R. Co.* 34 Wis. 188,— but upon the opinion that, as to a material fact, the verdict is against the weight of evidence. This is a legitimate ground for the exercise of its discretion

by the circuit court. *Smith v. Lander*, 48 Wis. 587, and cases cited.

The circuit court did not pass upon the question of the alleged excessiveness of damages, and it will not be determined on this appeal.

*By the Court.*— The order granting a new trial is affirmed.