Pierson, Appellant, vs. Citizens' Telephone & Telegraph Company, Respondent.

*February 19—March 10, 1908.*

*Setting aside verdict: Discretionary power: Harmless error.*

1. In the exercise by the trial judge of his discretion to grant a new trial, mere doubt as to the preponderance of the evidence on which the verdict rests will not require the setting aside of such verdict, though it may justify it if the doubts are so serious and substantial that the judge is affirmatively convinced that it is contrary to the preponderance of the evidence.

2. Where the trial judge states that he was so convinced and under that conviction set aside the verdict, his erroneous view of the law, that he must be satisfied by the preponderance of the credible evidence that the verdict was warranted, did not affect the correctness of his order.

3. An order by a trial judge setting aside a verdict as not supported by the evidence, being discretionary, will not be reversed by this court unless there was an abuse of discretion.

APPEAL from an order of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Dismissed.*

The plaintiff sues for personal injuries received by him while in defendant's employ as a lineman October 10, 1905. The defendant owned and operated a public telephone system in the city of Kenosha at the time of the accident. The plaintiff was about twenty-eight years of age and had several years' experience as a lineman. On the day of the accident some trouble had been found to exist in defendant's telephone cable on the north side of South street between two poles about 140 feet apart. The cable was suspended upon a heavy messenger wire tightly drawn between the two poles. A gang of men, consisting of Milligan, the superintendent of construction, Bradley, the gang foreman, and three laborers, of whom the plaintiff was one, were sent to locate and repair the trouble. The plan of operations was that a wooden platform about four feet square should be suspended from the messenger wire midway between the poles and that a lineman should then be drawn up by rope and pulley to the platform and open up the cable and locate the trouble. In pursuance of the plan Christianson, one of the laborers, went up one of the poles, taking a handline with him, and rode out on the messenger wire to a point about midway between the poles. He then let down the handline, drew up a single pulley or block with rope attached, and hung the block on the messenger wire by means of a large iron hook to which the block was attached. This hook was an "open" hook; that is, it had no means by which, after being put over the messenger wire, it could be closed or locked. The platform was then drawn up by the men below and fastened to the messenger wire by Christianson and he came down. Milligan put one foot through the rope and the men started to pull him up to the platform, but for some reason he concluded not to go up, and then *Pierson* was directed to go. *Pierson* put one foot through a loop in the rope, and the other men took hold of

the other end and proceeded to pull him up to the platform
by means of the pulley attached by the open hook to the mes-
senger wire.   He was pulled up nearly to the platform when
the hook jumped from the messenger wire, probably because
of the intermittent character of the pulling, and he fell to the
ground with the block and hook and was severely injured.
*Pierson* claimed that he did not know that the hook was an
open one, and the negligence claimed was the fact that the
defendant furnished an open hook for such work instead of a
lock hook.   The jury returned a special verdict by which
they found (1) that the hook was not a reasonably safe ap-
pliance for the use to which it was being put; (2) that de-
fendant was negligent in furnishing the hook for such use;
(3) that such negligence was the proximate cause of plaint-
iff's injury; (4) that plaintiff was not guilty of contributory
negligence; (5) that he did not know that the hook in use was
an open one; (6) that in the exercise of ordinary care he
ought not to have known that it was an open hook; (7) that
plaintiff's injury was not caused by negligence of his co-
employees; (8) that plaintiff's damages were $3,500.   The
defendant moved that the verdict be set aside and a new
trial ordered, which motion was granted on condition of the
payment of the costs of the trial, and from this order the
plaintiff appeals.

*Wallace Ingalls* and *Calvin Stewart,* for the appellant.

For the respondent there was a brief by *Cavanagh &
Barnes,* and oral argument by *James Cavanagh.*

WINSLOW, C. J.   The new trial was granted in the ex-
ercise of the discretion of the court and not for error.   This
is shown by the fact that costs were imposed as a condition,
as well as by the opinion of the circuit judge which is re-
turned with the record.   In this opinion the trial judge
states that it seemed to him that the preponderance of the evi-
dence showed that open hooks were commonly used for the

purpose for which the hook in question was used at the time of the accident, and hence that the finding that the defendant was negligent in furnishing the open hook for use was not supported as it should be by the preponderance of the evidence, although he recognized the fact there was some evidence in its support. It further appears from the opinion that the circuit judge was of opinion that under the circumstances in evidence plaintiff ought to have known the character of the hook in use if he had exercised reasonable care, and hence that the answer to the sixth question was not in accordance with the weight of the evidence.

It is not necessary for this court to decide whether the judge's conclusions upon the effect of the evidence were correct or whether the jury's conclusions were correct. The evidence was conflicting upon both points. The court was dissatisfied with the jury's conclusions, and in the exercise of his discretion set their conclusions aside. His action will not be reversed by this court unless there was an abuse of discretion, and this does not appear. *Kittner v. M. & N. R. Co.* 77 Wis. 1, 45 N. W. 815.

Near the close of his opinion the circuit judge says that, "in order to find for a plaintiff, the jury must be satisfied by preponderance of the credible evidence in the case. *No less a measure could be established for the court.* I feel that a retrial is necessary to bring about that unanimity of satisfaction required as a basis for judgment." This is an erroneous view of the court's duties. In jury trials the jurors try the facts. It is necessary that they should be convinced of the existence of the required facts by the preponderance of the evidence in order to find a verdict. It is not necessary that the trial judge be so convinced in order to approve the verdict or enter judgment thereon. Mere doubt on his part as to the correctness of the verdict, or a condition of mind where he feels that he cannot say which way the evidence preponderates, will not require the setting aside of the ver-

dict, though it may justify it if the doubt be serious and substantial. Courts frequently allow such verdicts to stand because they cannot say that a finding the other way would be any more satisfactory, and in such case the determination of that branch of the court which is primarily charged with the determination of questions of fact may well be allowed to control; otherwise there might never be a termination of a doubtful jury issue. When, however, the trial judge is affirmatively convinced that the jury's verdict is contrary to the preponderance of the evidence, a different situation arises, and he should not hesitate to set the verdict aside in the exercise of his discretion. The trial judge states that he was so convinced in the present case, and under that conviction set the verdict aside as he lawfully might. It is not perceived that his erroneous view of the law just referred to affected the correctness of the order made because he was convinced that the findings of the jury were against the preponderance of the evidence.

The order being discretionary and no abuse of discretion appearing, the appeal will be dismissed according to the established practice of this court upon such appeals. *R. Connor Co. v. Goodwillie,* 120 Wis. 603, 98 N. W. 528; *Eggen v. Fox,* 124 Wis. 534, 102 N. W. 1054.

*By the Court.*—Appeal dismissed.