HARSEN, Respondent, vs. NORTHERN PACIFIC RAILWAY COMPANY, Appellant.

*April 1—April 20, 1909.*

*Master and servant: Injuries to servant: Care required of foreman: Negligence: Questions for jury: Anticipation of injury.*

1. A foreman in charge of servants is required to exercise that degree of precaution and care for the servants' protection which ordinarily careful persons exercise under the same or similar circumstances.
2. Where the inferences from the evidential facts are not so clear and obvious that it can be said that reasonable minds could not differ in their conclusions, the situation presents a proper subject for determination by a jury.
3. Where service in handling heavy timbers is being performed in the open in the winter season, the fact that the timbers so exposed may naturally be covered with ice and snow and when handled slip and injure the servant should, by the exercise of ordinary care, be reasonably anticipated by the master or his foreman in charge of the work.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries claimed to be due to the negligence of an employee of the defendant. The defendant was reconstructing a bridge in the city of Superior over which its track lay. A platform had been constructed beside the track about 100 to 150 feet from the site of the bridge and was being used in the construction work. The platform was about forty feet long, ten feet wide, and six feet high. A number of large square timbers of which the framework of the bridge was being constructed were lying parallel to the platform and about ten feet from it. A timber six by ten inches and about twenty feet long lay from the platform over the edge of one of the large timbers and had been used as a skid. It projected over the edge of the large timber about two and one-half feet into an open space about three feet wide between the timber on which the skid rested and another large timber. Plaintiff had been working as a bridge carpenter for the defendant, framing timbers to be used on the bridge. At the time of the accident one Shaw, the foreman of the crew of men, desired to get out some timbers lying under the skid timber which bridged the space between the platform and the pile of large timbers. It was necessary to remove this skid in order to get the large timbers out and the foreman called the plaintiff to assist him. Plaintiff went to the end of the skid near the two large timbers and put one hand on the end of the skid and the other on its edge, while the foreman went toward the end of the skid lying on the platform. Plaintiff testified that he expected the foreman to go to the other end of the skid, and that they together would carry it to the end of the platform and the large timbers and throw it off and onto the ground. He stated that when the foreman had gone twelve or fourteen feet from him the foreman by a sudden push with his knee against the side of the skid caused it to slide on the ice and snow frozen to it against the timber lying

next to the open space and at right angles to the skid. The plaintiff's fingers were crushed and bruised between the end of the skid and the large timber toward which it slid and it was subsequently necessary to amputate the little finger. The jury by a special verdict resolved all of the questions of negligence and contributory negligence in plaintiff's favor. This is an appeal from the judgment on the verdict.

For the appellant there was a brief by *Louis Hanitch,* attorney, and *C. W. Bunn* and *Emmerson Hadley,* of counsel, and oral argument by *Mr. Hanitch.*

*W. P. Crawford,* for the respondent.

SIEBECKER, J. The appellant insists that the foregoing facts do not tend to show, as the jury found, that the foreman, Shaw, was negligent and that such negligence was the proximate cause of the plaintiff's injuries. The facts show that the plaintiff was injured by the sliding of the skid and its collision with the timber lying near it. It is a reasonable inference from the evidence, as claimed by the plaintiff, that Shaw caused the skid to slide and injure the plaintiff by the push which it is testified he gave it while plaintiff had hold of the lower end and was waiting to assist in taking it off the platform and timber. Under the circumstances under which the service was being performed the inquiry is: Did Shaw exercise that degree of precaution and care for plaintiff's protection which the facts and circumstances shown demanded of him? Shaw's conduct as to his care must be tested by the rule that he was required to observe such care as ordinarily careful persons exercise under the same or similar circumstances. The inferences from the evidential facts are not so clear and obvious on this point that it can be said that reasonable minds could not differ in their conclusions, and hence it was a proper subject for determination by a jury.

It is urged that the icy condition of the skid was not

known or reasonably to be anticipated by Shaw, and that
this condition caused it to slide off the platform and injure
the plaintiff. In the light of the fact that the service was
being performed in the open in the winter season, and that
the timbers when so exposed might naturally be covered with
snow and ice, it cannot be said that this icy condition of the
skid could not have been foreseen by the exercise of ordinary
care by Shaw. We think the jury were amply justified in
their conclusion that Shaw omitted to exercise that degree
of care demanded of him for the protection of the plaintiff
under the circumstances, and that an injury such as resulted
to the plaintiff was reasonably to be anticipated. This re-
quired submission of these issues to the jury, as the court
held.

*By the Court.*—Judgment affirmed.