CORRIGAN, Respondent, vs. CITY OF ANTIGO, Appellant.

*April 12—April 29, 1913.*

*Municipal corporations: Injury from defective sidewalk: Evidence: Sufficiency.*

In an action against a city for personal injury sustained by reason of an alleged defective sidewalk, findings by the jury to the effect that the walk was insufficient for public travel, that defendant was charged with notice of its insufficiency, and as to the damages, are *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover damages for a personal injury sustained by reason of an alleged defective sidewalk on one of the principal streets in the city of *Antigo.* The walk was made of hemlock planks two inches thick and six inches wide, laid crosswise upon three stringers. Between 8 and 9 o'clock on the evening of May 20, 1911, the plaintiff, in company with one Mrs. Bomke, started up town to do some shopping. The plaintiff was on the inside of the walk and Mrs. Bomke on the outside. When opposite a place called Hull's, Mrs. Bomke stepped on a plank that broke under her heel and caused the end on the inside of the walk to tip up and trip the plaintiff, who fell to the ground and received the injuries complained of. The jury found (1) that the place where plaintiff was injured was insufficient for public travel; (2) that the officers of the city of *Antigo,* charged with the immediate duty of attending to such matters, had notice of such insufficient condition for a sufficient length of time to have repaired the walk before the accident, by the exercise of reasonable diligence; (3) that the defect existed long enough before the accident to enable the defendant, by the exercise of ordinary care, to discover and remedy it; (4) that the insufficient condition of the walk was the proximate cause of the plaintiff's injuries; and (5) damages in the sum of $1,500. From a judgment in favor of the plaintiff entered upon the special verdict the defendant appealed.

For the appellant there was a brief by *R. C. Smelker,* attorney, and *Geo. W. Latta,* of counsel, and oral argument by *Mr. Latta.*

For the respondent there was a brief by *Goodrick & Goodrick,* and oral argument by *A. B. Goodrick.*

VINJE, J. The defendant attacks the verdict (1) because the evidence does not sustain the finding that the walk was

insufficient for public travel; (2) because the defendant was not charged with notice of its insufficiency; and (3) because the damages are excessive. We have carefully examined the evidence, and as to each contention the result of the examination is adverse to the defendant. The findings complained of are not only sustained by credible evidence, but seem to be based upon a preponderance thereof. A verdict will not be set aside if there is any credible evidence to sustain it. *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Smith v. Reed,* 141 Wis. 483, 124 N. W. 489. Since the jurisprudence of the state would not be enriched by a statement of the evidence sustaining the verdict, none will be made.

*By the Court.*—Judgment affirmed.