Chevinskas, Appellant, vs. Wilçox, Respondent.

*September 13—October 10, 1933.*

*William A. Sheldon* of Elkhorn, for the appellant.

For the respondent there was a brief by *Thorson & Seymour* of Elkhorn, and oral argument by *William L. Seymour*.

Fowler, J. The plaintiff claims that the evidence supports the findings of the jury and that judgment should have been entered upon the verdict in his favor.

It is manifest that, as the trial judge concluded, negligence of Lonsbrough proximately caused the collision. But as there may be more than one proximate cause, it does not follow that his negligence was the sole proximate cause, or that the defendant was not also guilty of negligence that operated as a proximate cause. We must therefore determine whether the evidence supports the verdict. While the learned trial judge does not expressly so say, he was apparently impressed with the view—and the picture drawn by the evidence so impresses us—that the defendant on first seeing Lonsbrough turn out to pass expected him to turn in behind the plaintiff; that on noticing that he was making no effort to do so she inferred he was not so intending; that an emergency then existed; and that the defendant thereupon acted upon her judgment and applied her brakes to avoid or mitigate the effect of the impending collision. But neither we nor the trial judge are the triers of the facts, and if reasonable minds might reach the conclusion reached by the jury their determination should rule the case.

The defendant did not testify that she expected Lonsbrough to fall in behind the plaintiff when she first saw him. The jury might reasonably infer from the testimony that she noticed the position of the two approaching cars before either she or they reached the plateau; that the collision occurred at the middle of the plateau; that the plaintiff had nearly or quite stopped before the collision occurred; that Lonsbrough had nearly stopped and that he was traveling no faster than the defendant; that the defendant did not

apply her brakes until one hundred feet from the approaching cars or about fifty feet from the point of collision; that she locked her brakes instead of applying them gradually; that both the plaintiff and Lonsbrough applied their brakes without causing their cars to skid; and that the plaintiff had turned practically off the concrete before the cars collided. The emergency rule does not apply to one who is negligent in getting into a situation of impending danger. We are forced to the conclusion that the jury may have reasonably inferred that ordinary care required the defendant to decrease her speed gradually so as not to cause her car to skid and to turn to her right, as did the plaintiff, and that had she done so Lonsbrough would have been able to pass between the two cars without interfering with either of them. In this view the jury's findings as to negligence must be sustained.

The court did not pass upon the alternative motion for a new trial, but the grounds therefor—that the verdict is contrary to law; contrary to the evidence; perverse; the result of passion and prejudice; error in instructions; and newly-discovered evidence—are not well taken. Why the verdict is contrary to law, or how the court misinstructed the jury, is not indicated, nor was any showing of newly-discovered evidence made. If, as above stated, the verdict is supported by the evidence it cannot be considered contrary thereto, or perverse, or the result of passion and prejudice. The case would have to be reversed with directions to enter judgment upon the verdict but for the fact that the motion to reduce the assessment of damages from $5,000 to $3,000 was not passed upon by the court. In view of this, the case should be remanded to enable the court to pass upon the motion to reduce the damages.

*By the Court.*—The judgment of the circuit court is reversed, with directions for further proceedings in accordance with the opinion.