SHEEHAN, Administratrix, Respondent, vs. LEWIS and others, Appellants.

*April 4—June 24, 1935.*

For the appellants there were briefs by *L. E. Vaudreuil* of Kenosha, attorney for Ervin Lewis, *Otjen & Otjen* of Milwaukee, attorneys for the Liberty Mutual Insurance Company, and *Coleman & Barry* of Milwaukee, attorneys for the Hathaway Baking Corporation and the Century Indemnity Company, and oral argument by *John S. Barry* and *C. J. Otjen.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Victor D. Werner* and *Jefferson D.*

*Burrus* of counsel, all of Milwaukee, and oral argument by *Mr. Werner* and *Mr. Burrus*.

The following opinion was filed April 30, 1935:

MARTIN, J. Plaintiff is the widow of James Frederick Sheehan and brings this action in her capacity as administratrix of her husband's estate.. At the time of his death the deceased was a resident of Lake county, Illinois. The defendant Lewis is a resident of Kenosha county, Wisconsin, and at the time in question was the branch manager of the defendant Hathaway Baking Corporation at its Kenosha office and place of business. The Hathaway Baking Corporation is organized under the laws of Massachusetts, is licensed to transact business in Wisconsin, and maintains offices and places of business in the cities of Milwaukee and Kenosha.

On the morning of October 31, 1932, the defendant Lewis was directed by the Milwaukee sales manager of the defendant Hathaway Baking Corporation to make a business trip for said corporation to two towns in Illinois. The business was urgent and the trip had to be made that morning. When Lewis received instructions to make this trip into Illinois, none of the Hathaway Baking Corporation's trucks or cars were available for use. On the telephone he discussed with the Milwaukee sales manager the subject of the use of his own car. The sales manager of the defendant Hathaway Baking Corporation testified:

"It didn't make any difference to me what he used, as long as he got down there."

Lewis had used his own car, a Dodge 1929 coupé, on company business to the knowledge of the sales manager on one prior occasion. At the trial it was stipulated of record that at the time of the accident the defendant Lewis was returning from business which he had transacted for the defendant Hathaway Baking Corporation in Illinois, and

that he was on the route necessary for him to take in order to return to his employer's place of business in the city of Kenosha.

Highway No. 173 is an arterial highway paved with concrete, eighteen feet wide, extending in a general easterly and westerly direction. The old Kenosha road is a graveled highway extending in a general northerly and southerly direction. When the collision occurred the deceased Sheehan was operating his Chevrolet automobile upon Highway No. 173, traveling in a westerly direction; the defendant Lewis was operating his Dodge coupé in a northerly direction upon the old Kenosha road. The collision resulting in the injuries and death of Mr. Sheehan occurred at the intersection of said highways.

At the time of his death deceased was twenty-seven years of age and had worked steadily since his marriage at a salary of $120 per month. Deceased left surviving him Lillian Schroeder Sheehan, his wife, who was solely dependent upon him for her support, and who was at said time being supported by him.

At the time of said collision there was in force and effect a policy of automobile liability insurance issued by the defendant Liberty Mutual Insurance Company on January 1, 1932, to cover up to the limit of $10,000 for one person, and up to the limit of $5,000 for property damage on the cars and trucks used in the Hathaway Baking Corporation's business. This policy contained a "rider" attached, which provided as follows:

"Effective January 1, 1932, it is . . . agreed . . . that the protection afforded by said policy is hereby extended . . . to include protection in respect to the . . . use of motor vehicles put into use subsequent to the date of said policy, by the Hathaway Baking Corporation. . . . In consideration . . . the assured agrees to report to the company as promptly as convenient all motor vehicles so put into use. . . ."

This policy contains the following provision (par. 4) :

"If any conditions of policy conflict with statutory law of any state or province, such conflicting condition shall be inoperative in such state or province in so far as they are in conflict with such law, and the law of the state or province shall apply."

The Century Indemnity Company policy provides (par. g) :

"Any specific statutory provision in force in the state in which it is claimed that the assured is liable for any such loss as is covered hereby shall supersede any provision in this policy inconsistent therewith."

The plaintiff pleaded the several sections of the Illinois statutes, which were in force and effect at the time in question, and alleged that the defendant Lewis, acting in the course of his duties with and as the agent, servant, and employee of the defendant Hathaway Baking Corporation, just prior to and at the time of the collision, failed to exercise ordinary care in the management and operation of his automobile; that he failed to have same under proper control; failed to keep a proper lookout for other automobiles upon the highway; that he operated his automobile at an unreasonable, unlawful, and excessive speed, and in utter disregard of the conditions at the time and place; that he failed to yield the right of way to the Sheehan car; that he failed to bring his automobile to a complete stop at the stop sign at the intersection of said highways as required to do under the statutes of Illinois.

The jury by its special verdict found that just prior to and at the time of the collision the defendant Lewis was negligent in the management and operation of his automobile in respect to yielding the right of way to the Sheehan car; with respect to lookout; with respect to management and control of his automobile; and with respect to speed. It further found that such negligence was in each respect a cause of the

injuries to and resulting death of Mr. Sheehan. The jury exonerated the deceased of negligence. It found the sum of $10,000 as the pecuniary loss to the widow because of the injuries and death of her husband, and assessed the sum of $478 for damages to the automobile of deceased.

The defendant Lewis contends that because the laws of Illinois do not permit a cause of action for death occurring outside of the state of Illinois, by reason of reciprocity between the state of Wisconsin and the state of Illinois, the plaintiff is barred from maintaining an action for death in the courts of Wisconsin when such death does not occur within said state of Wisconsin. The pertinent part of the Illinois statute referred to provides:

"That no action shall be brought or prosecuted in this state [Illinois] to recover damages for death occurring outside of this state."

Wisconsin has no such statute. Sec. 2, art. IV, of the United States constitution provides that:

"Citizens of each state shall be entitled to all privileges and immunities of citizens in the several states. . . ."

The citizens of other states have the same right to sue in the courts of Wisconsin that citizens of Wisconsin have. *Eingartner v. Illinois Steel Co.* 94 Wis. 70, 68 N. W. 664; *Thoen v. Harnstrom,* 98 Wis. 231, 233, 73 N. W. 1011; *MacCarthy v. Whitcomb,* 110 Wis. 113, 123, 85 N. W. 707; *Bain v. Northern Pacific R. Co.* 120 Wis. 412, 416, 98 N. W. 241; *State ex rel. Smith v. Belden,* 205 Wis. 158, 236 N. W. 542.

The defendants Liberty Mutual Insurance Company and Century Indemnity Company each interposed a plea in abatement based on their respective policies being Massachusetts contracts and each containing a "no action" clause. The defendant Liberty Mutual also interposed a plea in abatement on the same question of jurisdiction as that raised by the

defendant Lewis of which we have disposed. These pleas in abatement are without merit. We have heretofore made reference to the specific provisions in each of said policies that in case of any conflict in the conditions of said policies with the statutory law of any state or province the conflicting provisions of the policies shall be inoperative and the statutory law of the state or province, as the case may be, shall govern. Both policies were issued subsequent to the enactment of sec. 260.11, Stats., the effect of which nullifies the "no action" clauses in said policies. *Lang v. Baumann,* 213 Wis. 258, 251 N. W. 461; *Oertel v. Fidelity & Casualty Co.* 214 Wis. 68, 251 N. W. 465; *Georgeson v. Nielsen,* 214 Wis. 191, 199, 252 N. W. 576.

All defendants contend that the trial court erred in not granting a separate trial on issues relating to insurance coverage. Under sec. 260.11, Stats., this is a matter within the discretion of the trial court. However, it appears that after the trial court had denied the defendants' motion for a separate trial on the issues of insurance coverage, it was stipulated in the record that all questions with respect to insurance coverage shall be left for determination by the court, and only questions of fact relative to the accident were submitted to the jury. It is apparent from the record that the trial court gave careful consideration to all issues relating to insurance coverage under the policies issued by the defendant insurance companies. We hold that the findings made by the trial court on all issues of insurance coverage are sustained by the evidence and approve the conclusions of law made thereon.

Defendants contend that it was prejudicial error to permit plaintiff's counsel to interrogate certain defense witnesses as to whether they had given any statements concerning the accident to any representative of the insurance companies involved, and it appearing in some instances that such statements had been given, that it was prejudicial error on the part of plaintiff's counsel to demand the production of such

statements. In view of the fact that two insurance companies were parties defendant, it was obvious that insurance companies were interested in the litigation. We must assume that the jurors so understood the facts. We hold that what occurred did not constitute prejudicial error.

All defendants contend that the verdict of the jury is not sustained by the evidence. After careful examination of the entire record we are of the opposite view. A discussion of the evidence will serve no useful purpose. On all questions of negligence on the part of defendant Lewis, except as to the speed of his car, there is only slight conflict. There is a sharp conflict on his negligence as to speed. The rule in this state that the findings of the jury, unless contrary to physical laws, ordinary human experience, or all reasonable inferences, must stand as verities if there is any credible evidence to support them, is too well established to require extended discussion. *Pauloni v. Simmons Mfg. Co.* 160 Wis. 211, 151 N. W. 265; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Harsen v. Northern Pacific R. Co.* 139 Wis. 186, 120 N. W. 826; *Corrigan v. Antigo,* 153 Wis. 451, 141 N. W. 247; *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219; *Olson v. State,* 143 Wis. 413, 127 N. W. 975; *Slam v. Lake Superior T. & T. R. Co.* 152 Wis. 426, 140 N. W. 30; *McKee v. Oconto National Bank,* 212 Wis. 351, 354, 248 N. W. 404.

The judgment must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 24, 1935.