Nowicki and wife, Appellants, vs. Northwestern National Casualty Company, Respondent.*

Swiekatowski, Respondent, vs. Nowicki, Appellant.*

*January 20—February 15, 1944.*

* Motion for rehearing denied, with $25 costs, in one case only, on April 24, 1944.

For the appellants there was a brief by *Fischer, Brunner & Strossenreuther,* attorneys, and *M. G. Eberlein* of counsel, all of Shawano, and oral argument by *L. J. Brunner.*

For the respondents there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, attorneys for Dorothy Swiekatowski, and *Everson, Ryan & Hanaway* of Green Bay, attorneys for the Northwestern National Casualty Company, and oral argument by *F. N. Trowbridge* and *E. L. Everson.*

BARLOW, J.   The question on appeal is whether the learned trial judge properly granted a new trial on the ground that Alvin Nowicki was guilty of negligence in failing to maintain a proper and sufficient lookout, as a matter of law.

The collision occurred shortly before noon, October 9, 1942. The graveled surface of the highways was about twenty-two feet in width and the approaches to the intersection were level for a considerable distance in all directions, except a knoll about three hundred feet north, but it was possible to observe a car traveling along the highway on the knoll.   Aloise Swiekatowski was driving his Ford truck south on a gravel-surfaced town highway, and Alvin Nowicki was driving his Chevrolet sedan, with farm trailer, west on a graveled town

highway. The front of the Swiekatowski truck struck the center of the Nowicki sedan at a point on the highway about fourteen feet south and west of the center of the intersection, the sedan coming to rest in a field near the southwest corner of the intersection, where it was overturned, and the truck stopping on the shoulder of the highway in the southwest corner of the intersection. The only witness as to the collision was Nowicki, who testified that he saw the truck when it was between four hundred fifty and five hundred feet north of the intersection. At that time he was between two hundred and two hundred twenty-five feet east of the intersection and was traveling between twenty-five and thirty miles an hour. The testimony shows that he looked again when he was about one hundred feet from the intersection. The Swiekatowski truck was then about three hundred feet from the intersection. The Nowicki car had slowed down to between twenty and twenty-five miles per hour. Nowicki then claims that he entered the intersection while the Swiekatowski truck was about fifty feet north of the intersection. Both the car and the truck were traveling in the center of their respective highways. Nowicki's car was traveling about twenty to twenty-five miles per hour and the truck at forty miles per hour.

As a result of the collision Richard Nowicki, four-year-old son of Alvin Nowicki and Aurelia Nowicki, and a passenger in the sedan, was killed, Alvin Nowicki was injured and his automobile and trailer damaged, and Aloise Swiekatowski, driver of the Ford truck, was killed and the truck damaged.

In answering the questions in the special verdict, the jury found the deceased Aloise Swiekatowski guilty of causal negligence in the operation of his Ford truck as to speed, lookout, and failure to yield the right of way, and found no negligence on the part of Nowicki. On motions after verdict the trial court denied the Nowickis' motion for judgment on the verdict, changed the answers of the jury in the special verdict as to questions 1 (b) and 2 (b), by finding Alvin Nowicki

guilty of negligence in failing to maintain a sufficient lookout, and the collision a natural result of such negligence of Nowicki, and granted a new trial.

In passing on the motions after verdict the learned trial judge set forth his reason for ordering a new trial as follows:

"I was convinced at the conclusion of this trial and after the case had been submitted to the jury that I was in error in not finding Alvin Nowicki guilty of negligence as a matter of law with reference to failing to maintain a sufficient lookout at and prior to the time of the collision. I believe it became my duty to answer subdivision (b) of the first question 'Yes' and its corresponding subdivision in the second question 'Yes.' [These questions refer to the negligence of Nowicki.] Nowicki failed to maintain that efficient lookout that would have enabled him to properly control his car as he approached the intersection and there is no analysis of his own testimony and admissions that will permit any other conclusion. The question of comparative negligence was and is exclusively for the jury in this case, and there is no way in which I can remedy my error in failing to find Nowicki guilty of negligence as a matter of law with reference to lookout except to grant a new trial."

The question of negligence of Nowicki as to lookout was submitted to the jury under proper instructions and the jury found in his favor. If judgment had been ordered on the verdict, the only question would be whether there is credible evidence to sustain the answers. *Pauloni v. Simmons Mfg. Co.* (1915) 160 Wis. 211, 151 N. W. 265; *Beyer v. St. Paul F. & M. Ins. Co.* (1901) 112 Wis. 138, 88 N. W. 57; *Harsen v. Northern Pacific R. Co.* (1909) 139 Wis. 186, 120 N. W. 826; *Corrigan v. Antigo* (1913), 153 Wis. 451, 141 N. W. 247; *Better Properties, Inc., v. Kocher* (1941), 239 Wis. 294, 1 N. W. (2d) 157. Here we are asked to review the orders on motions after verdict, where the answers of the jury to questions in the special verdict were changed by the court and new trial ordered. Whether the trial judge erred in granting the

new trial depends upon whether an examination of the whole record clearly leads to the conclusion that there was nothing upon which to base such conclusion. *McCoy v. Terhorst* (1926), 188 Wis. 512, 205 N. W. 420; *Stockhausen v. Oehler* (1926), 191 Wis. 403, 211 N. W. 287; *Anderson v. Eggert* (1940), 234 Wis. 348, 291 N. W. 365.

Counsel for respondents rely upon the case of *Wallace v. Papke* (1930), 201 Wis. 285, 229 N. W. 58, where the facts are similar to the present case. The question of negligence of the driver who entered the highway first was submitted to the jury in the same manner as it was in this case, and the question on appeal was whether there was evidence to sustain the jury in finding Papke negligent. If the jury in this case had found Nowicki negligent as to lookout it would present a different question. Here the question is whether as a matter of law Nowicki was guilty of negligence as to lookout. In the *Papke Case, supra,* the trial judge did not find the defendant Papke guilty of negligence as a matter of law, but merely found that there was evidence to sustain the jury in its conclusion.

On the question of lookout the jury was instructed that it became Nowicki's duty, if he and Swiekatowski approached the intersection at approximately the same time, to slow down or stop his car and not contest the passage of Swiekatowski through the intersection, and that it was Nowicki's duty to maintain a proper and sufficient lookout ahead of his car and to the sides so that he may avoid a collision with any other user of the highway, and that he keep sufficient and effective lookout for all conditions then on the highway to the point of avoiding collision or injury to other users of the highway. The jury found that under all the circumstances Nowicki had maintained a proper and sufficient lookout and that he was justified in entering the intersection ahead of Swiekatowski. The law does not charge him in the operation of his car, assuming ordinary care on his part, with the negligence of the other driver. The question is whether he properly observed

the car operations of the other driver, and under all the conditions did the things that an ordinary, prudent driver would do. The fact that a collision occurred does not of itself make Nowicki guilty of negligence as a matter of law. Whether Nowicki was guilty of negligence by failing to maintain a proper and sufficient lookout was a question of fact for the jury, which was fully and properly submitted to and answered by them.

We consider from an examination of the whole record that, all the issues having been tried and submitted to the jury, there is nothing to sustain the conclusion that Nowicki was guilty of negligence as to lookout as a matter of law, and the court erred in changing the answers to questions 1 (b) and 2 (b) of the verdict and ordering a new trial.

*By the Court.*—Orders reversed, and causes remanded with instructions to reinstate the answers of the jury in the verdict and order judgment in favor of the Nowickis against the Northwestern National Casualty Company in accordance with the verdict, and enter an order for judgment dismissing the complaint of Mrs. Dorothy Swiekatowski. Costs to be allowed in one case.