OLSON, Appellant, vs. ELLIOTT and another, Respondents.*

*March 15—April 14, 1944.*

* Motion for rehearing denied, without costs, on June 19, 1944.

For the appellant there were briefs by *Hale & Skemp* of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondents there was a brief by *Otto M. Schlabach* of La Crosse, and *Wilkie, Toebaas, Hart & Jackman* of Madison, and oral argument by *Lawrence E. Hart.*

FOWLER, J. There was a collision on the highway between two trucks traveling in opposite directions. The plaintiff was driving one truck, which will be referred to as the "plaintiff's truck," and the defendant the other, which will be re-

ferred to as the "defendant's truck." On trial a jury found by special verdict that the defendant driver was causally negligent, (1) with respect to position on the highway; (2) with respect to lookout; (3) with respect to management and control. Precisely the same questions were submitted in respect to the plaintiff driver, and the jury found that he was not negligent in any of said respects. The court changed the answers to the questions covering the defendant's negligence and entered judgment dismissing the complaint.

The only point raised by the appellant is that the court erred in changing the answers to the questions of the verdict because the answers returned by the jury are supported by the evidence.

The court is of opinion that the evidence supports the verdict. It is undisputed that the left front of the plaintiff's truck collided with the left side of the defendant's truck. The testimony of the plaintiff, unless contrary to the physical facts, supports the verdict. The trial court held that the proved physical facts show conclusively that when the collision occurred the plaintiff's truck was partially on its left and the defendant's truck wholly on its right side of the road, and that this being so the plaintiff was and the defendant was not causally negligent. The physical fact relied on is that marks made on the road by the defendant's truck from the place of collision to the place where it came to rest were wholly on its side of the road and that marks made by the plaintiff's truck from the place of collision to the place where it came to rest straddled the center line of the road. The court is of opinion that the evidence is in dispute as to the marks relied on being made by the two cars. Mr. Justice BARLOW and the writer are of opinion that there is no material dispute as to this matter. In this situation the judgment must be reversed with directions to restore the answers of the jury to the questions of the verdict and to enter judgment for the plaintiff.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to restore the answers of the jury to the questions of the verdict and enter judgment for the amount of damages found by the jury with costs.

The following opinion was filed June 19, 1944:

FOWLER, J. (*on motion for rehearing*). The case is up on motion by the defendants for rehearing, with alternate motion that if rehearing is denied the court change the mandate to remand the case for the trial court to rule upon the motion of defendants for a new trial. The plaintiff asks the court to correct the judgment by adding an item of damages inadvertently omitted by the court in computing the admitted expenses incurred by the plaintiff.

The defendants reargue their contention that the finding of the jury that the defendant driver was negligent was properly set aside by the trial court. The court perceives no reason for further discussion of this point.

The defendants base their alternative motion on sec. 270.49 (1), Stats., which provides in part that "In case judgment be entered without deciding a pending motion for a new trial, the supreme court may direct the trial court to determine such motion within sixty days after notice of filing the *remittitur.*"

The only ground of the motion for a new trial that there is occasion to discuss is that it should be granted in the interest of justice.

It is plain from the decision of the trial judge changing the answer of the questions of the jury finding the defendant driver causally negligent and his statements at the time of so deciding that he was of opinion that justice was not done by the verdict. The power of the trial judges to grant new trials in the interest of justice has been uniformly upheld by this court, unless it appeared that the ground of being against the interest of justice was thrown in to save the ruling when

the real ground of granting the motion appeared from the record to be ill-taken or was based on an erroneous view of the law. See *Sichling v. Nash Motors Co.* 207 Wis. 16, 21, 238 N. W. 843. It is in the discretion of the trial judge to grant a new trial, when he is convinced that the verdict is against the great weight and preponderance of the evidence. *Pierson v. Citizens' Telephone & Telegraph Co.* 135 Wis. 73, 115 N. W. 336. The trial judge also has such discretion when convinced that the testimony on which it is based is false. *Schlag v. Chicago, M. & St. P. R. Co.* 152 Wis. 165, 139 N. W. 756; *Jolitz v. Fintch,* 229 Wis. 256, 282 N. W. 87. That the instant judge was so convinced in both these respects is plain. Had he taken the view that this court has taken, that there was evidence sufficient to raise a jury question and had granted the motion for a new trial on either ground next above stated we could not have disturbed it.

In the cases above cited the new trial was granted before judgment was entered. The question here is whether after having changed the answers of the jury and entered judgment according to the amended verdict the trial judge may or should· be permitted to pass upon the motion for a new trial made by the party in whose favor the judgment was entered. The cases relied on by defendants most similar to the instant case are *Klatte v. Franklin State Bank,* 211 Wis. 613, 248 N. W. 158, 249 N. W. 72, and *Wisconsin Telephone Co. v. Russell,* 242 Wis. 247, 7 N. W. (2d) 825, in both of which the case was remanded for the trial court to rule on the motion for a new trial. In the *Klatte Case, supra,* there was a jury verdict with findings that one defendant, Rubin, who was a surety on a bond, had notified the adverse parties of his withdrawal as surety on the bond and that three other defendants had not given notice of their withdrawal. The trial court held that Rubin was discharged from liability and that his discharge operated to discharge the other three sureties and entered judgment dismissing the complaint as to all four. On motion for

rehearing, see page 627, the three defendants other than Rubin asked the court to change the mandate to remand the case to permit the trial court to pass upon their alternate motion to that court for a new trial because the finding against them as to notice was not supported by the evidence. We remanded the case for the judge to pass upon that motion. We had said in our opinion that the question as to notice "was clearly for the jury" and this was urged in opposition to the motion to change the mandate. The only difference between the instant situation and that in the *Klatte Case* is that in that case the question of the sufficiency of the evidence to support the finding was not argued while here it was fully argued and was the only question before the court. In the *Telephone Co. Case, supra,* there was a finding by the jury favorable to the defendants. The court entered judgment for the plaintiff notwithstanding the verdict. The granting of judgment on that ground was erroneous because such a motion admits the facts as found by the jury. Both parties had filed motions after verdict. The defendant's motion was that the action be dismissed—on the finding of the jury that the defendants did not break a cable, the alleged breaking of which was the basis of the action. The trial judge was of opinion that the defendant did not break the cable. Had he changed the answer of the jury to that question and entered judgment for the plaintiff the situation would be like the instant one except that the defendant there did not ask for a new trial and the defendant here did ask it on the ground that the evidence did not support the jury's finding.

There is a general statement in *Chevinskas v. Wilcox,* 212 Wis. 554, 557, 250 N. W. 381, that "if . . . the verdict is supported by the evidence it cannot be considered contrary thereto, or perverse, or the result of passion and prejudice." In that case the ground of the motion for a new trial as to being supported by the evidence was that the verdict was "contrary to the evidence;" here that ground is that it is

"contrary to the overwhelming weight of the evidence." There is a difference between these two grounds; a difference in degree that may warrant granting a new trial in this case and not warranting it in the *Chevinskas Case*. In that case there was no indication that the trial judge considered the evidence on which this court upheld the verdict false, while in this case that he so considered it is plain. We think this so distinguishes the cases as to make the rule of the *Chevinskas Case* inapplicable under the rule of the *Pierson* and *Schlag Cases, supra,* first above cited.

In another case recently decided, *Nowicki v. Northwestern Nat. Casualty Co.* 244 Wis. 632, 12 N. W. (2d) 918, the trial judge changed answers finding a plaintiff automobile driver not negligent and ordered a new trial. This court on appeal by the plaintiff reversed the trial court and directed judgment for the plaintiff upon the finding of the jury who had found the defendant driver of a colliding automobile negligent. Nowicki appealed from the order of the court changing the answers of the jury, denying his motion for judgment on the verdict and directing a new trial. The defendant had moved after verdict for the change of answers from "No" to "Yes" and for judgment on the amended verdict and in the alternative for a new trial on the grounds that the answers were contrary to the undisputed evidence, contrary to the great weight of the evidence and in the interest of justice. A companion case was tried with Nowicki's case in which a passenger of Nowicki's car had sued both drivers. After verdict she moved for a new trial upon the same grounds as the defendant laid in the case in which Nowicki was plaintiff. Nowicki was the only witness who testified as to his conduct in driving his car. The trial judge did not consider his testimony false, but drew a different conclusion from it than the jury's finding which this court held warranted. While the motions for a new trial laid as ground that the finding of the jury was contrary to the great weight of the

evidence, there was no dispute in the evidence as to Nowicki's negligence and preponderance of evidence was not involved. These differences from the instant case also so distinguish it as to make its rule inapplicable, and leaves the reason of the rule of the *Klatte* and *Telephone Co. Cases, supra,* applicable here. In neither the *Chevinskas* nor the *Nowicki Cases, supra,* was the *Klatte* or the *Telephone Co. Cases* cited or considered. Even if not so distinguishable as to take them out of the reason of the rule of those cases, they cannot be considered as intentionally overruling them.

In here following our action in the *Klatte* and *Telephone Co. Cases, supra,* we do not mean to lay down a rule of thumb that in every case in which there was a motion for a new trial below that the trial court did not pass upon, and where the trial court changes the jury's findings and enters judgment contrary thereto because the trial judge considers them not supported by the evidence and this court on reversing the judgment because it considers the trial court erred in so doing, this court must or will remand the record to permit the trial court to determine the motion for a new trial. The language of sec. 270.49 (1), Stats., is not mandatory, but permissive. The language is that this court "may" remand the case for the trial court to decide the motion. The statute leaves it to this court to exercise a reasonable and just discretion in the matter.

In his original brief counsel for plaintiff stated that the trial judge on submitting the verdict to the jury inserted the amount of special damages as found by him, consisting of expenses incurred in the case of plaintiff's injuries, at $2,244; that in making his computation he inadvertently omitted an item of $928.23, which consisted of "La Crosse County Outdoor Relief;" and counsel asked this court to reverse the case with instructions to amend the judgment by adding that amount to the amount of the judgment entered. To this request the respondents made no response in their original brief. Counsel for plaintiff informally wrote the writer of the opinion asking

him to give the matter attention. A copy of this letter was sent to respondents' counsel. In plaintiff's brief in reply to respondents' motion for rehearing he again asks consideration of the point by the court.

The ground of plaintiff's claim is that he is entitled to correction of the judgment because the trial judge inadvertently made a mistake. That he made such mistake does not appear from the record. We do not know from anything in the record whether the trial judge omitted the item through inadvertence, or omitted it because he considered it not an element of damage. The record shows that counsel for respondents specifically objected to allowance of the item when the trial judge denied his motion for a directed verdict and concluded to submit the case to the jury. Counsel for appellant assumes the payment by the county for relief was a proper element of damage. Counsel for respondents assumes it was not an element of damage. Neither offers any argument or reason for his view. The court submitted as an element of damage the plaintiff's loss of wages and the jury assessed this at $10,000. The judge's charge shows that the loss to be allowed included loss up to the time of trial. The bill in evidence shows that about $600 was paid for hospital care of plaintiff due to his injury, $45 to a local doctor for treatment of his injury, and the rest approximately $300 for food, clothing, and "care and board." It would seem that the payment for food, clothing, and board would be covered by the loss of wages up to the time of trial. There would seem to be question, at least between counsel, whether the county can recover from the plaintiff the amount of the other portion of the expenses paid by it. At any rate we shall not attempt to determine this question without argument or briefs. If the claim is worth presenting it is worth such investigation and citation of authorities by counsel as will be of some aid to the court in deciding it. If the claim is allowable and the trial judge inadvertently omitted to include it in his computation

that fact should be decided by the trial judge and if the latter the correction can apparently yet be made by the trial court on application therefor. See 34 C. J. p. 235, sec. 454; 10 West's Wis. Dig. p. 272, sec. 307. We do not presume to decide the point as it is not here involved. We decline to change the mandate respecting inclusion of the amount claimed for the reason stated and for the further reason that appellant should have specifically asked the court below for correction of the judgment on the ground of mistake before presenting it to this court.

*By the Court.*—The motion for rehearing is denied, without costs. The mandate of this court is amended to read : The judgment of the circuit court is reversed, and the cause remanded with direction to restore the answers of the jury to the questions of the verdict; to decide the defendants' motion for a new trial; and to enter judgment for the damages found by the verdict in event the motion for a new trial is denied.

WICKHEM, J. (*dissenting*). Sec. 270.49 (1), Stats., as we all agree, commits to the discretion of this court a determination whether cases described by it shall be remanded to have the trial court pass upon motions for a new trial. This being true, it seems to me that there must be something in the record other than the fact that the jury question was a close one to warrant a remand for the purposes indicated by the statute. I discover nothing in this case upon which to exercise such a discretion. The case was ably tried on both sides. There were no erroneous rulings and nothing on which to conclude that the jury was biased. It follows that the ruling will be a precedent for sending every such case back for action upon the motion for new trial and this merely because the issue of fact is close. In addition, by sending the case back for the trial court to pass upon motions for a new trial, we virtually commit ourselves to sustain an order for

a new trial if entered. The net results will not contribute to the speedy or economical administration of justice.

I am authorized to say that Mr. Chief Justice Rosenberry and Mr. Justice Martin concur in this opinion.

* Motion for rehearing denied, with $25 costs, on June 6, 1944.