SCHILL and others, Appellants, vs. MEERS and others, Respondents. [Two cases.]

*April 6—May 3, 1955.*

For the appellants there was a brief by *Louis G. Nagler* of St. Croix Falls, attorney, and *Byrne, Bubolz & Spanagel* of Appleton of counsel, and oral argument by *Edward J. Byrne.*

For the respondents there was a brief by *Lawrence P. Gherty* of Hudson, and *Earl Nelton* of Balsam Lake, and oral argument by *Mr. Gherty.*

CURRIE, J. It is clear from the memorandum decision and order for a new trial that the learned trial court held the erroneous view that, where two automobiles approach an intersection on separate highways but not at approximately the same time, and the driver from the left enters the intersection first, the driver coming from the right owes a duty to yield the right of way.

The law on this point was clarified beyond all doubt by the able opinion of Mr. Justice WICKHEM in *Reynolds v. Madison Bus Co.* (1947), 250 Wis. 294, 26 N. W. (2d) 653. We quote from the opinion in that case as follows (pp. 303, 305) :

"On the basis of the foregoing authorities it must be held that there are no rights of way at intersections other than those contained in sec. 85.18, Stats. . . .

"If, however, the two cars are not approaching the intersection at approximately the same time and there is therefore no statutory duty on one or the other to yield the right of way, the negligence of either or both in proceeding into the intersection may frequently as in other situations involving general negligence be considered to be part and parcel of some other item of negligence such as negligent lookout."

Sec. 85.18 (1), Stats., provides as follows:

*"Right of way at intersections.* When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in this section. The driver of any vehicle driving at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder. The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first-mentioned vehicle; provided, the driver of the vehicle turning left has given a plainly visible signal of intention to turn as aforesaid."

Under such statute the driver approaching from the left never acquires a right of way as against the driver approaching from the right except in the special situation coming within the provisions of the last sentence of the statute applying to left turns. Such exception has no application to the case at bar. Even where the vehicle approaching from the right is traveling at an excessive speed and forfeits the right of way by reason thereof, the driver from the left does not gain the right of way so forfeited.

The trial court, therefore, arrived at an erroneous conclusion in stating in the memorandum decision that the jury had found that Mrs. Meers had the right of way because of answering question No. 9 "No," which inquired as to wheth-

er the two vehicles approached or entered the intersection at approximately the same time. This erroneous hypothesis led to the further incorrect conclusion that such answer "No" to question No. 9 was inconsistent with the answer to the comparative-negligence question whereby 60 per cent of the aggregate negligence was attributed to Mrs. Meers. There was no inconsistency in the verdict, nor was any error committed in failing to submit a question as to whether Mrs. Schill was negligent in failing to yield the right of way. It would have been error to have submitted such a question.

This disposes of two of the three grounds assigned in the order appealed from for granting a new trial. There remains to be considered the third reason given in such order, viz., that a new trial was necessary in the interest of justice because "it is determined that the negligence of plaintiff Verda Meers did not contribute as much as 50 per cent of the combined negligence which caused the accident."

When a trial court grants a new trial in the interest of justice pursuant to sec. 270.49 (2), Stats., and the order therefor sufficiently sets forth the reasons which prompted the court to take such action, this court will not disturb such order in the absence of a clear abuse of judicial discretion. *Alexander v. Meyers* (1952), 261 Wis. 384, 386, 52 N. W. (2d) 881; and *Kies v. Hopper* (1945), 247 Wis. 208, 211, 19 N. W. (2d) 167. There are sound policy reasons in support of such rule. As Mr. Chief Justice ROSENBERRY well stated in his opinion in *Sichling v. Nash Motors Co.* (1932), 207 Wis. 16, 21, 238 N. W. 843:

"We have frequently commented upon the highly discretionary character of an order granting a new trial in the interest of justice. The exercise of this discretion is the only thing that stands between the litigant and judgment upon an unjust verdict under our system of jurisprudence."

It is in the discretion of the trial judge to grant a new trial in the interest of justice when he is convinced that the

verdict is against the great weight of the evidence. *Olson v. Elliott* (1944), 245 Wis. 279, 280c, 14 N. W. (2d) 1, 15 N. W. (2d) 37; and *Guptill v. Roemer* (1955), ante, p. 12, 68 N. W. (2d) 579, 69 N. W. (2d) 571.

If, in the instant case, the trial court had granted a new trial in the interest of justice because he had determined that the jury's comparison of negligence was against the great weight and clear preponderance of the evidence, and there was nothing in the record to indicate such conclusion was based upon an erroneous view of the applicable law, on the basis of the authorities hereinbefore cited we could not hold that there had been an abuse of discretion which would authorize us to reverse. However, we cannot escape the conclusion that the same erroneous conception of the law on the subject of right of way which permeated the memorandum decision of the trial court, and was reflected in the assignment of the first two erroneous grounds for granting a new trial set forth in the order, carried through and prompted the inclusion of the third and last ground listed in the order, viz., that the interest of justice required a new trial. In other words, it seems clear that the only reason that the trial court concluded that Mrs. Meers' acts of negligence could not have contributed as much as 50 per cent of the aggregate negligence of both drivers, was such erroneously held view that there was a duty on the part of Mrs. Schill to have yielded the right of way to Mrs. Meers. We are strengthened in this conclusion by the fact that the memorandum decision makes no mention of granting a new trial in the interest of justice, and that the order does not state any reason why the trial court determined that the jury's comparison of negligence was against the weight of the evidence, other than that the jury had not been required to take into consideration the alleged failure of Mrs. Schill to have yielded the right of way.

Where, as here, a new trial has been ordered in the interest of justice, and the record discloses that such granting

of the new trial was based upon an erroneous view of the law by the trial court, such order constitutes an abuse of discretion. *Crombie v. Powers* (1930), 200 Wis. 299, 301, 227 N. W. 278.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the verdict and enter a judgment thereon in behalf of appellants Myril Schill and Vern Schill against respondents Verda Meers and Integrity Mutual Casualty Company not inconsistent with this opinion.